844 F.2d 792
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo MEJIA-MESA, Defendant-Appellant.
 
 1
 No. 86-3182.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted March 7, 1988.*
Decided April 11, 1988.
 
 3
 Appeal from the United States District Court for the Western District of Washington; Carolyn Dimmick, District Judge, Presiding.
 
 
 4
 Before TANG and CANBY, Circuit Judges, and EDWARD C. REED, Jr.*** , District Judge.
 
 
 5
 MEMORANDUM**
 
 STATEMENT OF FACTS
 
 6
 The appellant was convicted under a three count indictment in the United States District Court, Western District of Washington, on September 12, 1986. Count One of the indictment charged the appellant with a conspiracy to import one kilogram of cocaine into the United States, in violation of 21 U.S.C. Secs. 812, 962, 952(a), and 960(b)(1)(B). Count Two of the indictment charged the appellant with importing and aiding and abetting the importation of in excess of one kilogram of cocaine, in violation of 21 U.S.C. Secs. 812, 952, 960(a)(1), and 960(b)(1)(B). Count Three of the indictment accused the appellant of having possessed with the intent to distribute, and having aided and abetted in the possession with the intent to distribute in excess of one kilogram of cocaine aboard a vessel within the coastal waters of the United States, in violation of 21 U.S.C. Secs. 955(a)(c), and 960(b)(1)(B).
 
 
 7
 The conspiracy which formed the basis of the trial concerned the importation of two hundred and five kilograms of cocaine into the United States from Columbia, aboard the ship, Eagle I. According to the testimony of informants, the appellant and his confederates originally favored the idea of using an airplane to import the drugs. This idea was scrapped in late 1985 in favor of using the Eagle I. Two members of the group then began to search the coast of Oregon to locate a suitable landing place for the illicit cargo. The plan was to bring the drugs ashore there, and then transport them by motorhome down to the Los Angeles area.
 
 
 8
 Bad weather prevented the Eagle I from ever reaching land. The Coast Guard intercepted the vessel on January 18, 1986, and discovered two hundred and five kilos of cocaine aboard. The appellant was arrested on February 18, 1986.
 
 
 9
 Various items of evidence were introduced at trial over defense objection. Specifically, appellant objected to the introduction of various notebooks and ledgers on the basis of Fed.R.Evid. 404(b). In addition, the appellant objected to the introduction of evidence regarding the possession of cocaine by Echevarria, one of the coconspirators, on the grounds that Echevarria's possession was not connected to Mesa in any way. Finally, appellant objected to the introduction of testimony regarding secret panels used for drug smuggling found in a yellow Volkswagen, as the appellant had only ridden in the car, and the government had not shown that he had used it for any type of smuggling operation.
 
 DISCUSSION
 NOTEBOOKS
 
 10
 The appellant now argues that the introduction of the notebooks and ledgers violated the strictures of Fed.R.Evid. 404(b), in that they presented evidence of other uncharged crimes. The admission of 404(b) material is reviewed for abuse of discretion. United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987). The initial question, however, is whether these notebooks were 404(b) material in the first place. This evidence was not extrinsic to the charges in the indictment, but was instead intertwined with those crimes. In essence, the notebooks proved the appellant's involvement in large scale cocaine distribution in the Los Angeles area. Whereas this point is somewhat tangential to the importation incident aboard the Eagle I, the evidence at trial indicated that the Eagle I cocaine was to be taken down to Southern California for ultimate distribution. Thus, the notebooks described the larger scheme and plan into which the Eagle I importation fit. They describe the motive of the appellant in bringing cocaine into the United States aboard the Eagle I. The notebooks were therefore not evidence of other crimes, but were sufficiently intertwined with the charged crimes to avoid the requirements of Fed.R.Evid. 404(b). Cf., Ignacio v. Guam, 413 F.2d 513, 520 (9th Cir.), cert. denied, 397 U.S. 943 (1970), (evidence of other crimes which is intermixed and blended with that of another does not fall under the 404(b) analysis).
 
 
 11
 The more precise assault against this evidence should come under Sec. 403, but even that attack would fail. A trial court's balancing of evidence under Sec. 403 is also reviewed for abuse of discretion. Conners, supra, pg. 3. In this case, the probative value of the evidence was high, in that it tended to show the appellant's significant association with cocaine distribution in the Los Angeles area. In view of the appellant's testimony that he had never been involved in drug trafficking, evidence of association in the drug trade was highly relevant. The trial court did not abuse its discretion in admitting these notebooks.
 
 
 12
 Even if the notebooks were to be taken as 404(b) material, however, they would still be admissible. 404(b) allows the introduction of other crimes evidence to prove plan, motive, intent, preparation, and lack of mistake, as long as an adequate foundation is laid for their admission. United States v. Ballieaux, 685 F.2d 1105, 1110 (9th Cir.1982). In establishing such a foundation, it must be shown that (1) there is clear and convincing evidence of the other crime, (2) that the other crime is not too remote in time, (3) that the other crime is similar to the one charged, and (4) that the other crime evidence was introduced to prove a material element of the charged offense. Id. Even though the trial court made no explicit foundational findings, the admission of the evidence is not error if the record indicates that the foundational criteria of 404(b) have been met. Cf., United States v. Carruth, 699 F.2d 1017, 1022, cert. denied sub nom., Reed v. United States, 464 U.S. 1038 (1984). The Court must then determine whether the other crime evidence comports with Rule 403. Id.
 
 
 13
 The record in this case supports the admission of this evidence. As stated above, there was ample evidence of the appellant's involvement in narcotics trafficking in Los Angeles. The testimony of various of the coconspirators and informants fully establishes this fact. In addition, the other crime was exactly contemporaneous with the Eagle I importation, and therefore not remote in time. The other crime was similar to the charged offense, in that both involved the procurement and distribution of illegal drugs. Finally, the other crime evidence did prove a material element of the charged crime, as it showed how the Eagle I cocaine enterprise was intended to fit into the appellant's larger distribution scheme. The notebooks therefore indicate the appellant's plan and motive in smuggling aboard the Eagle I. As also stated above, the trial court did not violate Rule 403 by introducing this evidence. Even if the notebooks were other crimes evidence, therefore, rule 404(b) would not prevent their admission into evidence.
 
 ECHEVARRIA'S COCAINE POSSESSION
 
 14
 It also appears that the appellant has mischaracterized his objection to the introduction of the evidence of Echevarria's cocaine possession. As with the notebooks, the appellant argues that this evidence should not have been admitted on the basis of Rule 404(b), but it is difficult to see how this evidence constitutes evidence of the appellant's other crimes. The evidence was taken from Echevarria's apartment, and has no apparent connection in time or place to the appellant. As such, the true nature of the objection appears to be simple relevance.
 
 
 15
 The relevance of this evidence is not easy to see. The appellee argues that the presence of cocaine in Echevarria's apartment explains why Echevarria was observed earlier taking large sums of cash into Mesa's house. This then supports the inference, in the appellee's opinion, that the appellant was involved in large scale drug distribution, and that he therefore was involved in the importation of the cocaine aboard the Eagle I. This reasoning is, at best, strained. The fact of Echevarria's cocaine possession does not appear relevant to any of the material issues in the case against Mesa, and should not have been admitted.
 
 
 16
 It does appear, however, that the admission of the evidence was harmless error. The error in this case does not appear to have implicated any constitutional interest, such as the due process clause or the fourth amendment. See United States v. Valle-Valdez, 554 F.2d 911, 916 (9th Cir.1977). The reasonable possibility standard therefore does not govern the harmless error analysis of this case. Id. Instead, the proper test for nonconstitutional error is whether it is more probable than not that the error affected the verdict. Id; see also United States v. Karr, 742 F.2d 493, 497 (9th Cir.1984).
 
 
 17
 Based upon this standard, any error in the introduction of this evidence was harmless. There was a great deal of particularly damaging evidence given by the appellant's coconspirators, especially Caballero and Proctor. Viewed against this backdrop, the Echevarria evidence is of such slight significance that one can say without difficulty that it is not more probable than not that it affected the verdict. The admission of this evidence is thus not cause for reversal.
 
 YELLOW VOLKSWAGEN
 
 18
 Both appellant and appellee agree that the evidence concerning the yellow Volkswagen should not have been admitted. The appellee contends, however, that the trial court struck the evidence after it came in, and instructed the jury to disregard it. The appellant argues that the written record does not contain any indication of the court's having so instructed the jury. Review of the supplemental transcript of the jury instruction reveals the fact that the court did instruct the jury to disregard this evidence. The appellant's assertions are thus without factual foundation.
 
 DOUBLE JEOPARDY CLAUSE
 
 19
 The appellant finally argues that his consecutive sentences for conspiracy to import and importation violate the Double Jeopardy Clause. Appellant argues that recent Ninth Circuit case law forbids the imposition of consecutive sentences where the separate offenses "encompass successive steps or grades which normally flow into the same criminal act." United States v. Rosales-Lopez, 617 F.2d 1349, 1358 (9th Cir.), aff'd, 451 U.S. 182 (1981).
 
 
 20
 It is well settled in this circuit that conspiracy to do an act and the actual substantive offense are separate crimes for which separate sentences can be imposed. United States v. Calabrese, 825 F.2d 1342, 1346 (9th Cir.1987); United States v. Batimana, 623 F.2d 1366, 1370 (9th Cir.), cert. denied, 449 U.S. 1038 (1980). The appellant does not even bother to cite these controlling cases to the court.
 
 
 21
 The cases which he does cite, moreover, are easily distinguishable. In United States v. Wilson, 781 F.2d 1438 (9th Cir.1986), United States v. Touw, 769 F.2d 571 (9th Cir.1985) and United States v. Palafox, 764 F.2d 558 (9th Cir.1985), the defendants were all convicted of simultaneous violations of the same statutes. In Wilson, for example, the defendant was convicted of Possession of Piperidine with knowledge it would be used to manufacture (21 U.S.C. Sec. 841(d)(2)), Manufacture of PCC (21 U.S.C. Sec. 841(a)(1))), and Attempting to Manufacture PCP (21 U.S.C. Secs. 841(a)(1) and 846). Similarly, in Touw, the defendant was convicted of conspiracy to possess and attempted possession (21 U.S.C. Sec. 846). The Palafox defendant was found guilty of possession with intent to distribute and distribution (21 U.S.C. Sec. 841(a)(1)). In all of these cases, therefore, the defendants are convicted of separate parts of the same statute.
 
 
 22
 In the present case, the convictions on counts one and two involved separate crimes (conspiracy to import and importation) prohibited by separate statutes (21 U.S.C. Secs. 952 and 963). Conspiracy has long been recognized as a separate offense in this circuit, and the appellant has not argued successfully that the rule should be changed.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a). 9th Cir.R. 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by 9th Cir.R. 36-3
 
 
 ***
 Honorable Edward C. Reed, Jr., Chief United States District Judge for the District of Nevada, sitting by designation