Harold W. GRANDCHAMP and Peter J. Seewald, Plaintiffs–Appellees,

v.

UNITED AIR LINES, INC., Defendant–Appellant.

No. 86–2338.

United States Court of Appeals, Tenth Circuit.

Aug. 18, 1988.

---

Edward J. Rau, Denver, Colo., for plaintiffs-appellees.

Patrick F. Gartland (Catherine M. Meyer, with him on the briefs), Montgomery Little Young Campbell & McGrew, P.C., Englewood, Colo., for defendant-appellant.

Before HOLLOWAY and ANDERSON, Circuit Judges, and DUMBAULD,[*] District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

United Air Lines, Inc. ("United") appeals from a jury verdict assessing damages for the intentional infliction of emotional distress arising from employment decisions involving appellees Harold Grandchamp and Peter Seewald. We find that the trial court erred in submitting the claim to the jury and reverse the judgment.

I.

Grandchamp and Seewald, were employed by United as Supervisors of Inflight Services, in Denver, Colorado. Grandchamp and Seewald were responsible for the supervision and management of United flight attendants. In 1981, United initiated a reorganization of its inflight services functions and the position of Supervisor of Inflight Services was eliminated. The functions of this former position were replaced by three new positions, and former Supervisors of Inflight Services, including Grandchamp and Seewald, were invited to compete for the new positions. At the time of the reorganization, Grandchamp was 49 years old and had worked for United for 31 years, Seewald was also 49 years old, and had worked for United for more than 21 years.

To fill the new positions, United developed a special selection process consisting of a "special assessment," designed to "measure observed behaviors on the job" and relate those behaviors to the characteristics required for the new positions, and a "structured interview," also designed to identify and measure the characteristics required for the new positions. The process resulted in a numerical score and candidates were ranked according to those scores. See R.Vol. II at 238–45. This special process was used only to review the incumbent Supervisors of Inflight Services who were applying for the new positions.[1]

After reviewing the numerical scores and ranking of the candidates, United determined that the low scorers, including Grandchamp and Seewald, would not be offered the new positions. Grandchamp and Seewald were replaced with younger employees with less seniority.

Grandchamp and Seewald were informed by their Denver supervisor that they had not been selected for the new positions. Both were eligible to return to their last non-management position with United. Grandchamp was offered, and accepted, a position as a passenger ticket agent in Denver. Seewald was offered a job as a schedule planner in Los Angeles or Miami, but declined to move. Instead, he accepted six months severance pay and a United seminar on job-hunting.

Subsequently, both men brought actions against United claiming violations of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and damages resulting from the intentional infliction of emotional distress (an action under Colorado common law frequently referred to as "outrageous conduct" or "emotional distress").[2] The case went to trial on these two claims and the jury found in favor of United on the ADEA claim, and for the plaintiffs, Grandchamp and Seewald, on the intentional infliction of emotional distress claim, awarding actual and

[*] Hon. Edward Dumbauld, U.S. District Court, Western District of Pennsylvania, sitting by designation.

1. The testimony by United officials indicated, however, that in Denver, at least, other United employees were also allowed to compete for the new jobs by participating in this selection process. See R.Vol. III at 633–35.

2. Other claims were dismissed by the district court before trial and are not at issue on appeal. See R.Vol. I, Tab 2.

punitive damages to both men.[3] Grandchamp and Seewald moved for a judgment notwithstanding the verdict on the ADEA claim; that motion was denied and they do not appeal. United moved for a judgment notwithstanding the verdict, or in the alternative for a new trial, on the award for emotional distress. The district court denied that motion and United has appealed. United urges this court to reverse the jury's verdict in favor of Grandchamp and Seewald, arguing (1) that the claim for intentional infliction of emotional distress is barred by the Colorado Workmen's Compensation statute; (2) that the plaintiffs' claims were in fact, wrongful discharge claims, impermissible under Colorado law; (3) that United's conduct was not outrageous; and (4) that Grandchamp and Seewald failed to offer sufficient evidence of emotional distress. After carefully reviewing the arguments and the trial record, we conclude, as a matter of law, that United's conduct was not outrageous, and that the trial court should have directed a verdict for United on the outrageous conduct claim. Accordingly, we reverse and have no need to consider the other arguments.[4]

## II.

"In reviewing a district court's denial of a motion for a judgment n.o.v., we may find error only when the evidence points but one way and is susceptible to no reasonable inferences sustaining the position of the party against whom the motion is made." *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988) (citing *EEOC v. Prudential Federal Savings & Loan Ass'n*, 763 F.2d 1166, 1171 (10th Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985)).

The tort of intentional infliction of emotional distress was adopted by the Colorado Supreme Court in *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753, 756 (1970). The Colorado Court adopted the *Restatement (Second) of Torts* § 46 (1965) in defining

this action. Under the *Restatement*, liability may be found only "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Rugg*, 476 P.2d at 756. (quoting *Restatement* § 46, comment d); *see also Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 703 F.2d 1152, 1158–59 (10th Cir.1981) (en banc) (discussing Colorado law), *cert. denied*, 464 U.S. 824, 104 S.Ct. 92, 78 L.Ed.2d 99 (1983); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1350 (Colo.1988) (citing *Rugg*). Thus, in order to be liable for the intentional infliction of emotional distress, the defendant's conduct must be more than unreasonable, unkind or unfair; it must truly offend community notions of acceptable conduct. *Compare, e.g., Malandris* 703 F.2d at 1165 (affirmed jury award for outrageous conduct) *with Swanson v. Bixler*, 750 F.2d 810 (10th Cir.1984) (affirmed dismissal of outrageous conduct claim).

Both the court and the jury have a role in assessing such claims. "The jury determines the ultimate question whether conduct is outrageous, but the trial court decides whether the issue should be submitted to the jury in the first instance, based on whether reasonable persons could differ on the conduct being outrageous." *Montgomery Ward & Co. v. Andrews*, 736 P.2d 40, 46 (Colo.Ct.App.1987) (citations omitted); *Churchey*, 759 P.2d at 1350.

United argues first that the district court failed to make the required threshold determination of outrageousness. That is simply wrong. The district court addressed the issue twice. First, in denying United's motion for summary judgment on the emotional distress claim, the district court concluded: "If a jury were to conclude that the defendant's entire management reorganization was a mere scam to hide its efforts to dismiss older employees who had been with the company for years, a reasonable

---

**3.** Although the verdicts on the two claims appear inconsistent, neither party objected to the jury's verdict or raises that issue on appeal.

**4.** We emphasize that we are not addressing the ADEA claim. The jury found that United had not violated the ADEA and Grandchamp and Seewald have not appealed from that verdict.

person could find 'outrageous' conduct." R.Vol. I, Tab 2 at 5. The court made a similar finding in response to United's motion for a directed verdict on the emotional distress claim. R.Vol. III at 720–21.

United further argues that, if the district court did make the requisite threshold determination of outrageous conduct, that determination was in error. We agree. At the close of plaintiffs' case, there was no evidence upon which the jury could find United guilty of outrageous conduct toward Grandchamp and Seewald. The trial court should have directed a verdict for United on that claim.

The Colorado Supreme Court's recent decision in *Churchey*, reaffirms the central holding of *Rugg*, that outrageous conduct claims will lie only in circumstances that are truly outrageous. In *Churchey*, the plaintiff was discharged, according to her employer, "because of 'dishonesty,'" specifically because she 'failed and refused to report her medical clearances to return to work.'" *Churchey*, 759 P.2d at 1338. Churchey brought suit against Coors claiming wrongful discharge, defamation and outrageous conduct.[5] The Colorado Supreme Court affirmed a summary judgment for Coors on the outrageous conduct claim:

> Outrageous conduct can occur in an employment situation. However, Churchey's assertion that Coors' failure to follow its own personnel policies amounted to outrageous conduct confuses breach of contract with outrageous conduct. While the average member of the community may not approve of someone who breaches a contract, such conduct is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious and ... (to cause) an average member of the community ... to exclaim 'Outrageous!.'" The trial court correctly concluded that no reasonable person could have found Coors' conduct to be outrageous! We reject Churchey's invitation to expand our definition of outrageous conduct. The framework set forth in *Rugg*, 476 P.2d 753, is sufficient for analyzing her claim and summary judgment on this claim is affirmed.

*Churchey*, 759 P.2d at 1350–51 (citations, footnote omitted).[6]

The court's reasoning in *Churchey* is also applicable to the claims advanced by Grandchamp and Seewald. Federal law provides a remedy for age discrimination. In this case, Grandchamp and Seewald allege *nothing more* than age discrimination; the manner in which they were discharged by United was not particularly unfair or abusive and is not comparable to those cases where outrageous conduct has been found.

It is well-settled under Colorado law that discharge from employment, without more, is not outrageous conduct. *See Therrien v. United Air Lines, Inc.*, 670 F.Supp. 1517, 1524 (D.Colo.1987) ("[A]n allegation by an employee that he was dismissed or demoted wrongfully, summarily, or in violation of the procedures set forth in an employee manual fails to state a claim for intentional infliction of emotional distress."); *Steinberg v. Thomas*, 659 F.Supp. 789, 795 (D.Colo.1987) (discharge and alleged defamatory remarks do not support a claim of outrageous conduct); *Brezinski v. F.W. Woolworth Co.*, 626 F.Supp. 240, 244 (D.Colo.1986) (alleged age discrimination does not support a claim of outrageous

---

**5.** The trial court granted summary judgment on all three claims and the Colorado Court of Appeals affirmed. *Churchey v. Adolph Coors Co.*, 725 P.2d 38 (Colo.Ct.App.1986), *rev'd in part*, 759 P.2d 1336 (Colo.1988). The Colorado Supreme Court affirmed the judgment on the outrageous conduct claim, but reversed the decision on the wrongful discharge and defamation claims and remanded them for trial. *Churchey*, 759 P.2d at 1351.

**6.** The Colorado Court also implicitly held that an employer is not to be held to a higher stan-

dard of conduct. Churchey argued that courts should be required "to look at the relationship between the parties and the entire conduct in determining whether a plaintiff has set forth a prima facie case of outrageous conduct." *Churchey*, 759 P.2d at 1350. The Court then recounted Churchey's allegations before rejecting "Churchey's invitation to expand our definition of outrageous conduct." *Id.* at 1351. We read the Court's decision as a refusal to apply *Restatement* § 46, comment e to employment situations.

conduct); *Covert v. Allen Group, Inc.*, 597 F.Supp. 1268, 1269–70 (D.Colo.1984) (no outrageous conduct in refusal to honor a promise to employ); *Salimi v. Farmers Ins. Group*, 684 P.2d 264, 265 (Colo.Ct.App. 1984) (demotion in violation of employer's policy and procedure manual is not outrageous conduct); *Widdifield v. Robertshaw Controls Co.*, 671 P.2d 989, 990–91 (Colo.Ct.App.1983) (reversed jury verdict for outrageous conduct where plaintiff's job was eliminated after 10 days).

At the same time, it is equally clear that an employer is not shielded from employee claims of outrageous conduct.[7] For example, in *Kirk v. Smith*, 674 F.Supp. 803 (D.Colo.1987), the employee, a school teacher, was demoted from her position as a full-time teacher to a permanent substitute teacher, allegedly for expressing her support for the expansion of a particular program. Moreover, when she met with the school district superintendent to discuss her demotion, the superintendent "discovered that she was tape-recording the discussion, and, in an effort to confiscate the tape recorder, physically assaulted her and threw her to the ground." *Id.* at 804. Similarly, in *Wing v. JMB Property Management Corp.*, 714 P.2d 916, 918 (Colo.Ct.App.1985) the plaintiff alleged that she was sexually harassed, ridiculed, threatened, humiliated and ultimately fired. The Colorado Court of Appeals found that these allegations were sufficient to withstand the employer's motion for summary judgment on the outrageous conduct claim.

Thus, the *manner* of the discharge, and the employer's conduct, is critical to a finding of outrageous conduct. *Cf. Montgomery Ward & Co. v. Andrews*, 736 P.2d 40, 46 (Colo.Ct.App.1987) ("It is not the fact of seizure which gives rise to the claim for outrageous conduct, but the manner in which the seizure was effected.") (quoting *Vogel v. Carolina International, Inc.*, 711 P.2d 708, 714 (Colo.Ct.App.1985)).

In contrast, in this case Grandchamp and Seewald offered no evidence that the manner of their discharge was outrageous. As the court instructed the jury, "The Plaintiffs' ... claim is that the Defendant intentionally or recklessly, in an extreme or outrageous manner, inflicted severe emotional distress by reorganization of the management structure to purposefully eliminate older employees who had been with the company for many years." R.Vol. III at 733.

Thus, the most we can find from the evidence is that Grandchamp and Seewald were not given new positions because of their age and seniority. Certainly such an action by United would be wrong, and federal law makes such conduct unlawful and provides for relief. But if Grandchamp and Seewald were allowed to recover under a theory of outrageous conduct for United's actions here, then every discrimination claim—based on age, race, national origin, or sex—would also state a claim for outrageous conduct.[8] We do not believe that

---

**7.** *See generally* Annotation, *Liability of Employer, Supervisor, or Manager for Intentionally or Recklessly Causing Employee Emotional Distress*, 52 A.L.R. 4th 853 (1987).

**8.** In essence, this court has already held that an ADEA claim for willful age discrimination does not require outrageous conduct. In *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544 (10th Cir.1988), we rejected the Third Circuit's conclusion that a willful violation of the ADEA must be "outrageous." *See Dreyer v. Arco Chemical Co.*, 801 F.2d 651 (3d Cir.1986), *cert. denied*, 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987). Thus, in age discrimination cases, there is, theoretically, an hierarchy of damages. First, if an employer discriminates against an employee on the basis of age, he is liable for damages. If that discrimination is "willful," the employer must pay liquidated damages. *See Cooper*, 836

F.2d at 1548. If the manner of discrimination is outrageous, the employer is liable for the employee's emotional distress. Finally, under Colorado law, if the employee proves beyond a reasonable doubt that the outrageous conduct was attended by fraud, malice, or willful or wanton conduct, punitive damages may be assessed.

In *Churchey*, the Colorado Supreme Court also clarified the distinction between outrageous conduct and conduct meriting punitive damages:

"[A]lthough the standard for outrageous conduct may appear superficially similar to the standard for exemplary damages in § 13–21–102(1), 6A C.R.S. (1987), the two are not the same. Exemplary damages may be awarded if 'the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct,' § 13–21–102(1)(a),

the Colorado Supreme Court intends the tort to reach that far. Thus, we hold that a bare age discrimination claim will not support a claim for the intentional infliction of emotional distress under Colorado law.

In *Price v. Federal Express Corp.*, 660 F.Supp. 1388, 1395 (D.Colo.1987), the district court considered a similar problem. The plaintiff brought a civil rights and breach of contract claim against his employer. The plaintiff also alleged a claim for outrageous conduct. In considering the employer's motion for summary judgment, Judge Kane allowed the civil rights and breach of contract claims, but granted summary judgment for Federal Express on the outrageous conduct claim. His language is also suitable here:

> There is no virtue in pleading a profusion of claims for relief when the law provides a well-established and straightforward remedy. Indeed, the practice is inimical to the interests of the litigants for at least two reasons. First, it delays prosecution of the case and increases costs because of the time spent in addressing motions. Second, it creates an expanded possibility for reversible error in the event the pleader is persistent or the trial judge is diffident.

*Id.* at 1395. Unfortunately for Grandchamp and Seewald, Judge Kane's prediction has come true. The plaintiffs offered evidence at trial to support their age discrimination claim, but the jury chose to base its award on the outrageous conduct claim, finding for United on the ADEA claim.

Because the evidence offered at trial cannot support a claim for outrageous conduct against United, we REVERSE and VACATE the judgment entered by the trial court.

provided that the plaintiff proves these elements beyond a reasonable doubt, § 13–25–127(2), 6A C.R.S. (1987). Outrageous conduct need only be proved by a preponderance of the evidence, § 13–25–127(1) and is an independent tort which entitles the plain-

tiff to compensatory damages. To the extent that the analysis in *Price v. Federal Express Corp.*, 660 F.Supp. 1388, 1395–96 (D.Colo. 1987), is inconsistent with this analysis, it is not an accurate statement of Colorado law." *Churchey*, 759 P.2d at 1351 n. 7.