Benny S. CRUZ, Plaintiff–Appellant,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware Corporation, Defendant–Appellee.

No. 88CA0300.

Colorado Court of Appeals, Div. III.

April 27, 1989.

Morrisard & Rossi, P.C., James L. Cox, Jr., Aurora, for plaintiff-appellant.

Kraft & Johnson, Donald E. Johnson, Denver, for defendant-appellee.

NEY, Judge.

Plaintiff, Benny S. Cruz, appeals the trial court's dismissal of his action for outrageous conduct based on lack of subject matter jurisdiction. We reverse.

Plaintiff is a railroad worker employed by defendant, Burlington Northern Railroad Company. His normal work-days are Monday through Friday, with Saturday and Sunday off.

Plaintiff incurred a job-related hand injury and received company permission to take a Monday off for a doctor's appointment. On the Saturday preceding that Monday, plaintiff received a phone call at his home from his supervisor, who instructed him to report to the trainmaster's office on Monday morning. Plaintiff advised his supervisor that he had obtained authority not to be at work on Monday because of the doctor's appointment. The supervisor nonetheless ordered plaintiff to attend the meeting at the trainmaster's office, which he said would be concluded in time to permit plaintiff to keep his scheduled appointment.

When plaintiff reported to the trainmaster's office, he was advised he was being "withheld from service" pending the results of an investigation of an alleged viola-

tion of a company rule regarding the use of illegal drugs. The plaintiff requested the basis of the allegations against him, which Burlington refused to provide. The plaintiff consented to urine and blood tests which proved negative.

The bases of plaintiff's claim for outrageous conduct are the order to report to his employer on a day when he had been authorized to be absent from work, for the sole purpose of being forced to submit to blood and urine tests; and the refusal of Burlington to advise him of the basis of the investigation and the reasons for his being withheld from service.

Discovery in this action revealed that a co-employee, while under the influence of alcohol, had interpreted a statement made by the plaintiff in a bar as a solicitation to sell cocaine. No other basis for Burlington's actions appear in the record.

Burlington moved for dismissal pursuant to C.R.C.P. 12(b), alleging that the trial court did not have subject matter jurisdiction because the claim created a "minor dispute" which must be resolved under the provisions of the Railway Labor Act, 45 U.S.C. §§ 151–188 (1982) (Railway Act).

Under the Railway Act, a distinction has been made between "minor disputes", *i.e.,* disputes arising from grievances and interpretations of a contract, and "major disputes," *i.e.,* those arising from changes in pay rates, working rules, and work conditions. It has been determined that the preemption doctrine deprives state courts of jurisdiction over "minor disputes." "Major disputes," in contrast, may be resolved by courts under certain circumstances. *Elgin, Joliet & Eastern Ry. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); *see Brotherhood of Railway Trainmen v. Terminal Co.,* 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969).

The only issue to be determined in this appeal is whether, under the facts here, the Railway Act preempts state court jurisdiction in favor of a scheme of federal regulation and arbitration.

## I

■ Plaintiff first contends that his claim of outrageous conduct is not preempted by the Railway Act because it is based upon Burlington's response to unsubstantiated accusations of his alleged improper conduct after work hours while he was not on company property. Citing *Farmer v. United Brotherhood of Carpenters & Joiners,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (holding that the National Labor Relations Act does not preempt the assertion of a state claim based on outrageous conduct), he asserts that Burlington's conduct is sufficiently removed from the rules and regulations of his railroad employment that the provisions of the Railway Act do not apply. We agree.

Burlington argues that its actions are authorized by an existing railroad work rule that prohibits its employees from using alcohol or narcotics *while on duty,* from possessing such substances *while on company property,* and from *reporting for duty* in a state of intoxication. Burlington also argues that its actions were authorized under an employment agreement signed by the plaintiff at the commencement of his employment under which he consented to undergo any medical examinations that are necessary as a condition of employment.

The unique facts at issue here concern an employee who allegedly made a statement while off work, away from the employer's premises, and who, because of an unverified report of that statement, was ordered to the employer's premises on a day when he was off work for the sole purpose of having to submit to a drug test. The trial court's ruling that jurisdiction over plaintiff's claim was preempted by the Railway Act was based on the conclusion that plaintiff was on Burlington's property at the time the drug tests were requested and, therefore, he was subject to Burlington's safety rules. Under the facts here, the nexus to the employer's work was provided only by the order to report to the employer's premises for the sole purpose of requiring drug tests. We conclude this was

insufficient to make the employee subject to the company work rules, the agreement concerning medical examinations, or the Railway Act.

## II

■ Plaintiff next contends the trial court erred in characterizing his claim for outrageous conduct as a "minor dispute" and, therefore, dismissing his claim for lack of subject matter jurisdiction. We again agree.

We conclude that even if this dispute as framed by the pleadings was within the purview of the Railway Act, it was not a "minor dispute." *See Brotherhood of Locomotive Engineers v. Burlington Northern R.R. Co., supra.* Here, the circumstances are more of a change in the working conditions than that found to be a "major dispute" in *Brotherhood of Locomotive Engineers,* in which the court held that a mandatory urine testing program was a change in working conditions and not within enforcement of Burlington's work rule.

Several Circuit Courts of Appeal have ruled that disputes arising from the implementation of a railroad's drug testing program are "major" disputes under the Railway Act. *See Railway Labor Executives Ass'n v. Consolidated Ry. Corp.,* 845 F.2d 1187 (3rd Cir.1988); *Brotherhood of Locomotive Engineers v. Burlington Northern R.R. Co.,* 838 F.2d 1087 (9th Cir.1988); *Railway Labor Executives Ass'n v. Burnley,* 839 F.2d 575 (9th Cir.1988). We agree with that conclusion.

## III

Burlington argues that even if this dispute could be classified as "major," plaintiff does not have standing to litigate this matter since it would have to be litigated by his collective bargaining agent. We do not consider this assertion, as the limited record before us prevents review of this issue.

The judgment of dismissal is reversed and the cause is remanded with directions that plaintiff's action be reinstated.

FISCHBACH and ENOCH,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).