Jonathan HORNE, Plaintiff–Appellant,

v.

J.W. GIBSON WELL SERVICE CO., a Delaware corporation, Defendant–Appellee.

No. 88–1676.

United States Court of Appeals, Tenth Circuit.

Jan. 25, 1990.

Mary Elizabeth Galvan of Seidenberg & Galvan, Laramie, Wyo., for plaintiff-appellant.

Paul J. Hickey of Bagley, Hickey, & Evans, Cheyenne, Wyo., for defendant-appellee.

Before HOLLOWAY, Chief Judge, ANDERSON, Circuit Judge and THOMPSON, District Judge.*

RALPH G. THOMPSON, District Judge.

Plaintiff–Appellant Jonathan Horne ("Horne") was a rig operator for the Defendant–Appellee J.W. Gibson Well Service Co. ("Gibson"). When Horne was hired in 1981, Gibson's drug policy was stated in a policy and procedure manual prohibiting the possession, distribution or use of illegal drugs on company property or job sites [1]. In 1986 Gibson instituted a mandatory drug testing policy. The new policy was explained to the employees at safety meetings and in memoranda from the company, including the warning: "The use of, or having a drug in your system, is a serious company policy violation and will not be permitted." [2]

On August 4, 1987 Horne was required to submit to urinalysis for drug testing which tested positive for three violating substances. Pursuant to policy, Horne was suspended without pay for violating company policy. Gibon's policy allows an employee who tests positive to the first test, to take a second test if he so chooses. If the results of the second test are negative then the company rehires the individual. If the results of the second test are positive, the employee is terminated. On August 29, 1987 Horne submitted to a second test which proved positive and he was terminated.

Horne filed this appeal of the district court's award of summary judgment in favor of Gibson alleging error on the following findings and issues before the district court: (1) Whether Gibson's policies imposed mutual obligations of conduct and that Gibson did not breach these obligations of expressed or implied contract based on employment policies, (2) Gibson's termination of Horne did not breach the covenant of good faith and fair dealing and (3) Gibson's drug testing policy and termination of Horne did not breach public policy.

■ The district court found that Gibson did not breach an employment contract with Horne. We agree. Under Wyoming law plaintiff's employment for an indefinite term is "at will" and may be terminated at any time by either party with or without cause. *Rompf v. John Q. Hammons Hotels, Inc.*, 685 P.2d 25, 27 (Wyo.1984).

Horne had no written employment agreement. Plaintiff argues that defendant's policies, which provided the basis for plaintiff's termination, have the force of an employment contract. The district court noted that while under Wyoming law personnel policies can make employment contractual, restricting an employer's right to discharge an employee, rather than at will, the mere existence of personnel policies does not automatically do so. In this instance, the employment manual does not "address the very basis of an at will employment" or contain provisions negating employment at will.[3] See *Mobil Coal Pro-*

---

* The Honorable Ralph G. Thompson, Chief Judge of the Western District of Oklahoma, sitting by designation.

1. Plaintiff Horne acknowledged that he read the manual by signing a statement to that effect at the time.

2. Records reflect that Horne attended safety meetings on January 6, 1986 and April 3, 1986. Additionally, Horne acknowledged receipt of a memo on the subject of drug policy on February 21, 1986.

3. In its analysis of whether the employee handbook has the force of an employment contract,

**1196**

*ducing, Inc. v. Parks,* 704 P.2d 702, 705–706 (Wyo.1985). Therefore, the employee manual in this instance does not change the "at will" status of the plaintiff.

Gibson codified its rules and regulations with respect to drug use in the employee manual. The policy clearly stated that immediate discharge could result from use of illegal drugs. Horne argues that he is not an at will employee because he was terminated for cause. The district court noted that the employee manual did not abrogate Gibson's at will relationship with its employees or circumscribe the right to discharge them.

■ Horne's argument that the second drug test simply detected residue from previous use and that a fact question remains as to whether he stopped using drugs after the first test was not persuasive with the district court because this is not a fact question that could determine the outcome of the lawsuit. We agree. The argument is without merit.[4]

■ Horne's second argument on appeal contends that Gibson violated its duty of good faith and fair dealing. The district court found that this claim fails because Wyoming has not yet implied a duty of good faith and fair dealing into employment contracts and because the facts of this case do not justify recognizing this exception to the at will doctrine. We agree with both conclusions of the district court.

Wyoming's Supreme Court has declined to adopt this exception to at will employment until a "proper case" comes before it. *Rompf v. John Q. Hammons Hotels, Inc.,* 685 P.2d 25, 28 (Wyo.1984). The facts of this case do not justify recognizing such an

exception. Gibson followed its stated procedure, fully informed its employees of its rules and consequences for violation of those rules. The plaintiff was not improperly singled out or dealt with unfairly. Moreover, Gibson has a legitimate business purpose in protecting the safety of other employees, which is closely tied to a drug-free policy.

■ Horne's third argument on appeal challenges Gibson's drug testing policy and termination of his employment for alleged violation of public policy. Plaintiff submits that his discharge violated public policy protecting employees from unreasonable invasions of privacy. The district court found that Wyoming does not recognize a tort action for violation of public policy and the plaintiff has not shown public policy prohibits employers from ensuring a drug-free workplace.

Subsequent to the district court's ruling Wyoming recognized a very narrow public policy exception to the at will doctrine.[5] The facts of this case do not fall within that exception. The district court found that attempts to ensure a safe, drug-free workplace do not violate the public policy of Wyoming. Upon review we agree.

For the reasons stated above, the judgment of the district court is AFFIRMED.

the district court noted that the handbook does not distinguish between tenured and probationary employees. It does not extensively list conduct which may lead to discharge. It does not establish a system of progressive discipline or give rise to an inference that discharge can result only for cause. These factors, if present, would indicate a contractual, rather than "at will," relationship which can limit an employer's right to discharge an employee.

**4.** As the district court noted, the combination of several points leads to the conclusion that no reasonable jury could find that Gibson is in

breach of contract. First, under the second test cannabinoids were found in Horne's system. Horne's own expert noted in his deposition that he had no reason to question the accuracy of the tests. Gibson followed the procedures set forth in this policy manual. Therefore, under the terms of that policy manual, the defendant had cause to terminate plaintiff from employment.

**5.** See *Griess v. Consolidated Freightways,* 776 P.2d 752 (Wyo.1989), *Nelson v. Crimson Enterprises,* 777 P.2d 73 (Wyo.1989).