**Carmela MARES, Plaintiff,**

v.

**CONAGRA POULTRY COMPANY, INC., a Delaware corporation, d/b/a Longmont Foods, Defendant.**

**Civ. A. No. 91–F–182.**

United States District Court, D. Colorado.

July 15, 1991.

John S. Evangelisti, Denver, Colo., for plaintiff.

John M. Husband, Judith A. Biggs, Holland and Hart, Denver, Colo., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendant's motion to dismiss or, in the alternative, for summary judgment, filed February 11, 1991. It involves the growing issue of the legitimacy of drug testing in the workplace. On April 4, 1991, we notified the parties that the court would be treating the motion as one for summary judgment. Jurisdiction is based upon 28 U.S.C.A. § 1332 (West Supp.1991). For the reasons stated below, the motion for summary judgment is hereby GRANTED.

### I.

Plaintiff Carmela Mares ("Mares") was hired as a benefits clerk by defendant Longmont Foods ("Longmont") on March 1, 1988. On April 24, 1989, Longmont notified its employees that it was instituting a drug testing policy. In addition to submitting to drug testing, Longmont required its employees to provide a form disclosing any medications being taken and authorizing the named physician to release to Longmont any information concerning the use of the specified medications. Plaintiff was terminated on June 23, 1991, for refusing to sign the consent form.

On February 5, 1991, this action was removed pursuant to 28 U.S.C.A. § 1441(a) (West Supp.1991) from the Boulder County District Court. The complaint asserts six causes of action for (i) breach of contract, (ii) violation of public policy, (iii) intentional infliction of emotional distress, (iv) negligent or intentional interference with prospective economic advantage, (v) invasion of privacy, and (vi) constitutional torts and civil rights violations. Defendant filed the instant motion to dismiss or, in the alternative, for summary judgment on February 11, 1991. Defendant's brief included material outside the pleadings. Fed.R.Civ.P. 12(b) provides, in pertinent part,

"[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of a pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

As we are not excluding the materials presented, we are required to treat the motion as one for summary judgment and dispose of it as provided in Fed.R.Civ.P. 56. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *M.S. News Co. v. Casado,* 721 F.2d 1281, 1285 (10th Cir.1983).

Under the express language of the rule, all parties must be given reasonable opportunity to present pertinent material. *T.V. Communications v. ESPN, Inc.,* 767 F.Supp. 1062 (D.Colo.1991). The parties were given notice that the motion would be treated as one for summary judgment on April 4, 1991. Additional materials were submitted by both sides.

### II.

Summary judgment is now regarded as an acceptable procedural device. *Evans v. Board of County Comm'rs,* 752 F.Supp.

973, 974 (D.Colo.1990). It is an integral, vibrant part of the Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lucas v. Mountain States Tel. & Tel. Co.,* 909 F.2d 419, 420 (10th Cir.1990). A genuine issue of material fact exists only where there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990); *Vaske v. DuCharme, McMillen & Assocs., Inc.,* 757 F.Supp. 1158, 1160 (D.Colo.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.,* 758 F.Supp. 630, 631 (D.Colo.1990).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson,* 757 F.Supp. 1152, 1155 (D.Colo. 1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Lucas,* 909 F.2d at 420; *Anderson v. Department of Health and Human Servs.,* 907 F.2d 936, 946–47 (10th Cir.1990).

In a motion for summary judgment, the moving party's initial burden is slight. Fed.R.Civ.P. 56 does not require the movant to negate the opponent's claim. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. Rather, the moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

Once the movant has made an initial showing, the burden of proof shifts to the opposing party. *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 947. The nonmovant must establish that there are issues of material fact to be determined. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing that there are genuine issues for trial on every element challenged by the motion. *Allen,* 758 F.Supp. at 632. Conclusory allegations will not establish an issue of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.,* 823 F.2d 1395, 1398 (10th Cir. 1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. Summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. *Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In the instant matter, the court finds that, as a matter of law, the motion for summary judgment must be granted.

### III.

Defendant generally argues that plaintiff's causes of action should not survive as she acquiesced in the new terms of employment by continuing to work after the institution of the drug testing program. *Pittman v. Larson Distrib. Co.,* 724 P.2d 1379, 1384 (Colo.App.1986). While this argument is somewhat persuasive, questions of fact would seem to surround such an inquiry. We believe that the causes of action should be handled on much more substantive grounds.

### IV.

■ Plaintiff's first cause of action seeks relief for breach of contract. The second cause of action seeks relief for violations of public policy. Mares does not contend that an employment contract had been formed. In the absence of an employment contract, any employment relationship is terminable at-will by either party. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 711 (Colo.1987); *Cronk v. Intermountain Rural Elec. Ass'n,* 765 P.2d 619, 622 (Colo.App.1988); *accord Garcia v. Aetna Fin. Co.,* 752 F.2d 488, 491 (10th Cir.1984). An at-will employee may be terminated without cause, without notice, and any such discharge does not give

rise to a claim for relief. *Hoff v. Amalgamated Transit Union,* 758 P.2d 674, 678 (Colo.App.1987), *cert. denied,* slip op. (Colo. 1988); *Therrien v. United Air Lines, Inc.,* 670 F.Supp. 1517, 1523 (D.Colo.1987).

Colorado has two narrow exceptions to the employment at-will doctrine: (i) implied contract rights or promissory estoppel arising out of company policy and employment manuals, and (ii) claims for wrongful discharge in retaliation for the exercise of statutory rights or duties, a public policy exception. *Allen,* 758 F.Supp. at 633; *Vaske,* 757 F.Supp. at 1161–62. We do not believe that plaintiff can benefit from either exception. *See* Friesen, *Drug Testing in Colorado: Problems & Advice for Private Employers,* 19 Colo.Law. 413, 416, 418 (1990).

■ Plaintiff does not allege that she enjoyed implied contract rights based upon company policies or employment manuals. Instead, plaintiff asserts that she was fired in retaliation for exercising statutory rights under Colo.Rev.Stat. § 13–90–107(1)(d) (Bradford 1987).

The Colorado courts have never addressed this statute in the context of an action for wrongful termination. It provides that

"[a] physician, surgeon, or registered professional nurse duly authorized to practice his profession … shall not be examined without the consent of his patient as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient."

We must predict how Colorado's highest court would rule on enlarging this public policy exception to include such behavior. *Weiss v. United States,* 787 F.2d 518, 525 (10th Cir.1986); *Terry v. Avemco Ins. Co.,* 663 F.Supp. 39, 41 (D.Colo.1987); *Reighley v. International Playtex, Inc.,* 604 F.Supp. 1078, 1081 (D.Colo.1985).

The Colorado courts have held that causes of action under the public policy

exception may proceed in two situations. First, claims have been allowed when the discharge was in retaliation for employees exercising their rights under Colorado's workers' compensation law. *Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367 (Colo. App.1989)[1]; *accord Miedema v. Browning–Ferris Indus., Inc.,* 716 F.Supp. 1369, 1371–72 (D.Colo.1989). Plaintiff has not asserted that she was discharged in retaliation for seeking workers' compensation benefits. Second, suits have been permitted to proceed when employees had been directed by their employers to violate certain statutes, subjecting them to criminal liability. *Cronk,* 765 P.2d at 622; *Lorenz v. Martin Marietta Corp.,* 802 P.2d 1146, 1149 (Colo.App.1990). Mares does not allege that she had been directed to violate a criminal law.

■ As a result, the court would have to create a new category within this narrow exception for plaintiff to maintain her cause of action. A federal court sitting in diversity should not anticipate a change in existing state law. *Vaske,* 757 F.Supp. at 1163; *Bannowsky v. Krauser,* 294 F.Supp. 1204, 1205 (D.Colo.1969). Our role does not include effecting a dramatic shift in the forum state's common law. *Power Motive Corp. v. Mannesmann Demag Corp.,* 617 F.Supp. 1048, 1051 (D.Colo.1985); *accord Hubbard Business Plaza v. Lincoln Liberty Life Ins. Co.,* 649 F.Supp. 1310, 1312–13 (D.Nev.1986), *aff'd,* 844 F.2d 792 (9th Cir. 1988). Crafting a new category based upon this statute would be a dramatic shift in this area of Colorado's common law. *Vaske,* 757 F.Supp. at 1163. Specifically in the area of wrongful discharge, a federal judge should not expand this tort's reach. *Vaske,* 757 F.Supp. at 1163; *accord Brezinski v. F.W. Woolworth Co.,* 626 F.Supp. 240, 244 (D.Colo.1986). We do not believe that we are in a position to enlarge this public policy exception to the employment at-will doctrine.[2]

---

1. While certiorari was granted in this case, *Entenmann's, Inc. v. Lathrop,* 778 P.2d 1370 (Colo. 1989), on motion of the parties, the case was dismissed with prejudice on July 17, 1989.

2. We are also persuaded by *Horne v. J.W. Gibson Well Serv. Co.,* 894 F.2d 1194 (10th Cir. 1990). The court ruled that an employer's decision to institute a drug testing policy did not violate the public policy of Wyoming. *Id.* at

Moreover, this statute does not create a private cause of action. Never does the law expressly or impliedly address civil liability. *See Weiszmann v. Kirkland & Ellis*, 732 F.Supp. 1540, 1543 (D.Colo.1990); *accord Vaske*, 757 F.Supp. at 1162 n. 7. It deals with testimonial privileges. Accordingly, defendant's motion for summary judgment on the first and second claims for relief is hereby GRANTED.

## V.

▆▆ Plaintiff's third cause of action seeks relief for intentional infliction of emotional distress or outrageous conduct. To support a finding of liability under this theory, the court must determine in the first instance that

> "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, 'Outrageous!' ".

*Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753, 756 (1970) (quoting Restatement (Second) of Torts § 46 comment d (1965)); *Vaske*, 757 F.Supp. at 1165; *Therrien*, 670 F.Supp. at 1524. While the tort of outrageous conduct exists in the employment context in Colorado, *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1349–50 (Colo. 1988), termination from employment, without more, does not constitute outrageous conduct. *Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 384 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 838 (1989); *Brown v. Progressive Cas. Ins. Co.*, No. 90–F–1428, slip op. at 9 (D.Colo. June 21, 1991); *Therrien*, 670 F.Supp. at 1524. Plaintiff must prove such conduct was outrageous by a preponderance of the evidence. *Grandchamp*, 854 F.2d at 385–86 n. 8.

▆▆ The court must first consider Longmont's actions. *Vaske*, 757 F.Supp. at 1196; *see also Cruz v. Burlington N. R.R. Co.*,

1165. Defendant requested that Mares provide a list of medication prescribed by a physician. Such conduct was not so outrageous in character or so extreme in degree as to go beyond all bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. *Id.; see Denver Publishing Co. v. Kirk*, 729 P.2d 1004, 1007 (Colo.App.1986). Defendant would have no other way to guarantee the integrity of their testing program without full knowledge of those drugs which Mares was legitimately ingesting. Second, the manner of the discharge is critical to a finding of outrageous conduct. *Grandchamp*, 854 F.2d at 385. Mares has offered no evidence to prove the manner in which she was terminated would cause the average member of the community to exclaim, "Outrageous!". *Rugg*, 476 P.2d at 756; *accord Brown*, slip op. at 10.

Three recent decisions offer guidance. In *Cronk*, the Colorado Court of Appeals affirmed a trial court's decision to grant summary judgment for defendants on a claim for outrageous conduct, even though plaintiffs were discharged for refusing to violate a criminal statute. *Cronk*, 765 P.2d at 622, 624. In *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1360 (10th Cir.1987), the Tenth Circuit upheld a trial court's decision to submit the issue of outrageous conduct to the jury. The plaintiff in *Bradbury* had been chased and strangled by agents of the defendants. *Id.* at 1359. In *Wing v. JMB Property Management Corp.*, 714 P.2d 916, 918 (Colo.App. 1985), the Colorado Court of Appeals reversed a trial court's decision to dismiss an employee's claim for outrageous conduct. In *Wing*, the plaintiff's claim was based on sexual harassment. The instant situation is much less severe than *Cronk* and nowhere near as drastic as *Bradbury* and *Wing*. *Brown*, slip op. at 10–11. We do not believe that plaintiff has satisfied her burden of proof and shown that Longmont's behavior was outrageous by a preponderance of the evidence. *See Friesen, supra*, at 416, 418. Defendant's motion for

773 P.2d 1117 (Colo.App.1989).

summary judgment on the third cause of action is hereby GRANTED.

### VI.

Plaintiff's fourth cause of action seeks relief for negligent or intentional interference with prospective economic advantage or contractual relations.

### A.

■ While Colorado recognizes the tort of intentional interference with contractual relations, *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207, 210 (Colo.1984), the Colorado courts have not recognized the tort of negligent interference with contractual relations. Plaintiff has not cited any case law to support the proposition that such a tort has been recognized. We are persuaded by Judge Arraj's opinion in *Western Gas Processors, Ltd. v. Enron Gas Processing Co.*, 1988 WL 73307 (D.Colo.1988). The court ruled that Colorado would not recognize such claim. *Id.* Plaintiff cannot maintain a cause of action for negligent interference with contractual relations.

### B.

■ To prove a claim for intentional interference with contractual relations, plaintiff must prove (i) the existence of a valid contract between plaintiff and a third party, (ii) knowledge by defendant of the contract or knowledge of facts that should lead it to inquire regarding the existence of the contract, (iii) intent by defendant to induce or cause the third party not to perform, (iv) action by defendant that induces or causes non-performance of the contract, and (v) resulting injury or damages to plaintiff. *Hanley v. Continental Airlines, Inc.*, 687 F.Supp. 533, 537 (D.Colo.1988); *Montgomery Ward & Co. v. Andrews*, 736 P.2d 40, 47 (Colo.App.1987). Mares has not alleged any interference by defendant with a third party in which she had contractual relations. As plaintiff has not alleged the existence of a valid contract between herself and a third person, the claim must fall. *See Henderson v. Times Mirror Co.*, 669 F.Supp. 356, 362 (D.Colo.1987), *aff'd,* 876 F.2d 108 (10th Cir.1989). Accordingly, defendant's motion for summary judgment on the fourth claim for relief is hereby GRANTED.

### VII.

■ Plaintiff's fifth cause of action seeks relief for invasion of privacy. Mares alleges that requiring the disclosure of medications intrudes on her privacy rights. We are persuaded by the United States Supreme Court's pronouncement in *Skinner v. Railway Labor Executives Ass'n,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). The Court ruled that requiring the disclosure of private medical facts, when confidentiality was protected, did not involve a significant invasion of privacy. *Id.* at 626 n. 7, 109 S.Ct. at 1418 n. 7. The confidentiality of this information remains undisputed. In light of the Supreme Court's strong statement, we do not believe that plaintiff's claim for invasion of privacy can survive. *See also Shoemaker v. Handel,* 795 F.2d 1136, 1144 (3d Cir.), *cert. denied,* 479 U.S. 986, 107 S.Ct. 577, 93 L.Ed.2d 580 (1986); *Friesen, supra,* at 414, 416. Accordingly, defendant's motion for summary judgment on the fifth cause of action is hereby GRANTED.

### VIII.

■ Plaintiff's sixth cause of action seeks relief for constitutional torts and civil rights violations. In order for an individual to recover for violations of such rights, the actions must have been committed by the government. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). Never did Mares allege that Longmont was a state actor. Requiring an employee to submit to a drug test does not transform the employer into a state actor. *See Greco v. Halliburton Co.,* 674 F.Supp. 1447, 1450 (D.Wyo.1987).

Plaintiff alleges that Longmont was acting under the color of state law by complying with the requirements of the Drug Free Workplace Act of 1988, 41 U.S.C.A. §§ 701–706 (West Supp.1991). Nowhere in this law does it require entities to engage

in drug testing of employees. At best, the federal government has encouraged such activity. Encouragement does not transform activity into state action. *See Maher v. Roe,* 432 U.S. 464, 475–76, 97 S.Ct. 2376, 2383–84, 53 L.Ed.2d 484 (1977). Accordingly, defendant's motion for summary judgment on the sixth cause of action is hereby GRANTED.

### IX.

ACCORDINGLY, it is hereby ordered:

1) Defendant's motion for summary judgment on plaintiff's first, second, third, fourth, fifth, and sixth causes of action is hereby GRANTED.

2) The clerk of the court is directed to enter judgment in favor of defendant and against plaintiff on these causes of action.

3) The action and complaint are DISMISSED WITH PREJUDICE.

4) Each party is to bear her or its own costs.