**Gean Ella JACK, Plaintiff-Appellee Cross-Appellant,**

v.

**TEXACO RESEARCH CENTER, Defendant-Appellant Cross-Appellee.**

**No. 83–2306.**

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1984.

James D. Garrison, Susannah B. Wilshire, Houston, Tex., for defendant-appellant cross-appellee.

Robert L. Penrice, Texas City, Tex., for plaintiff-appellee cross-appellant.

Before GARZA, REAVLEY and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Gean Ella Jack, a black female formerly employed by Texaco as a stenographer, complains about her discharge, saying it was motivated by retaliation against her for having filed discrimination charges with EEOC. The district court awarded her one year's wages as backpay plus attorney fees. We hold the court's findings to be either unclear or inadequate to support the judgment, and we remand for further proceedings or findings.

We construe the order of the trial judge to find that Texaco had two motives in deciding to discharge Jack: one was legitimate (excessive absenteeism) and the other was prohibited (retaliation). We understand the judge to predicate liability on those findings without more, i.e., without a determination that the employer acted upon a motive without which there would have been no discharge. The law of this circuit, however, requires the discriminatee in a Title VII case to prove that she would not have been discharged absent the forbidden motive—in this case retaliation against her protected act. *See McMillan v. Rust College, Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983). Unless Jack establishes that without this retaliation her employment would have continued, she is not entitled to recover.

After finding that the discharge was warranted because of the number of days Jack was absent from work, that this absenteeism was not "the substantial reason" for her discharge, and that retaliatory motivation was "a substantial factor" in the discharge, the district court concluded in part as follows:

7. Defendant had a viable, legitimate, non-discriminatory reason for the discharge of Plaintiff; in that Plaintiff's absenteeism was of such an excessive nature that her termination was necessary, so that business operations could best be served.

8. Defendant's actions are deemed retaliatory in nature, in that the Plaintiff's complaint made to the EEOC is found to have been a *substantial* factor with respect to the decision to discharge the Plaintiff.

10. This Court has reviewed all of the applicable standards with respect to the issue of "causation," as applied to employer actions; and in the absence of any definitive guidance, the Court is reluctant to apply the more plaintiff-burdensome approach to the standard as found in *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), because in the case at bar the retaliation is specifically proscribed by statute, as contrasted with the case of *Mt. Healthy*, where the retaliation-safeguards were reviewed as they apply to the less specific constitutional mandates established vis-a-vis the 1st Amendment freedom of speech doctrine.

11. Plaintiff is entitled to a judgment, in her favor, in that Defendant engaged in activity resulting from a substantially-retaliatory motive; and having done so, did violate the rights of Plaintiff as protected by Title VII of the Civil Rights Act of 1964.

We read the district court to hold that the plaintiff is entitled to recover upon proof that retaliation was a substantial motive of the defendant, whatever the other considerations that entered into the decision to discharge, and whether or not either party has carried the burden of proving what the defendant's decision would have been absent the motive of retaliation. Perhaps the district court actually left the burden upon the employer at that point and, only if the employer had proved that the employee would have been discharged with or without the fact or concern over her complaint to EEOC, would the employee's case have been defeated. This rule would indeed be akin to that of *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), where the school board was given the burden to prove that it would have refused to rehire the teacher even in the absence of his exercise of First Amendment protected freedom of speech. We do not understand the district court's statement that a *Mt. Healthy* procedure would be burdensome to the plaintiff; the burden there would be on the defendant.

Section 704(a) of Title VII prohibits an employer from "discriminat[ing] against any of his employees ... because [the employee] has ... made a charge" under Title VII. 42 U.S.C. § 2000e–3(a) (1982). When the employee sues and complains that this prohibition has been violated, the employee must prove that there was a causal connection between the protected activity and the adverse employment decision. The connection required is causation-in-fact or "but for" causation. Whether or not there were other reasons for the employer's action, the employee will prevail only by proving that "but for" the protected activity she would not have been subjected to the action of which she claims. If the employee does not bear that burden of persuasion, she may not prevail. *See McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 282 n. 10, 96 S.Ct. 2574, 2580 n. 10, 49 L.Ed.2d 493 (1976); *Jackson v. City of Killeen*, 654 F.2d 1181, 1186 (5th Cir.1981); *Pittman v. Hattiesburg Municipal Separate School District*, 644 F.2d 1071, 1076 (5th Cir.1981). We no longer need stumble over shifting burdens in analyzing the trial of a Title VII case. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Williams v. Southwestern Bell Telephone Co.*, 718 F.2d 715 (5th Cir.1983). Discrimination and retaliation are tied with causation in the ultimate burden on the plaintiff to prove that she was the victim of prohibited conduct. In the present case that requires Jack to prove that she was discharged by Texaco because she complained to EEOC she must prove that, whether she was a superb stenographer or one with serious fault, she would not have been discharged at that time had she not complained.

Texaco has raised other procedural questions which we will leave to the district court on remand.

VACATED and REMANDED.