**Norma Jean TAYLOR, Plaintiff,**

v.

**HOUSTON LIGHTING AND POWER COMPANY, et al., Defendants.**

Civ. A. No. H–89–909.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 27, 1990.

L. Chapman Smith, Baker & Botts, Houston, Tex., for defendants.

Helen Brattin, Beatrice Mladenka–Fowler, Houston, Tex., for plaintiff.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Defendants' motion for summary judgment. After consideration of said motion, the memorandum

of law and documents filed in support thereof, as well as the response and supplemental response filed by Plaintiff, this Court is of the opinion that there is no genuine issue of material fact in this case and that, for the reasons discussed below, Defendants' motion should be granted.

Norma Jean Taylor, a former employee of Defendant Houston Lighting and Power Company ("HL & P"), brought this claim of discrimination against her former employer alleging that her discharge on February 6, 1989 was the result of a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically under Title VII, Taylor alleges sex discrimination as the reason for her discharge, failure to be promoted and retaliation. Taylor further asserts state law claims for wrongful discharge, intentional and negligent infliction of emotional distress, breach of an employment contract, tortious interference with business and slander and libel.

Taylor was hired by HL & P in April of 1983 as a Material Coordinator in Fossil Plant Purchasing, and was promoted to Senior Material Coordinator in the spring of 1985. Later in 1985, Taylor was transferred to the position of Buyer. Taylor's last position was that of Contract Administrator with the Purchasing and Material Management Department.

HL & P readily admits that Taylor's job performance during her five plus years of employment was generally acceptable. In her response to the motion for summary judgment, Taylor outlines her membership and participation in professional business associations, department and association awards, community service as an HL & P employee, performance evaluations, and journalistic experiences.

Although HL & P concedes to the acceptable job performance of Taylor, HL & P contends she continually suffered problems in her relationships with supervisors, coworkers and subordinates. During her career with HL & P, Taylor was counseled, warned and reprimanded several times for "interface" problems. Such "interface" problems included disruption of meetings, improper conduct toward her supervisors and uncooperative behavior toward coworkers.

On February 6, 1989, Taylor was terminated from HL & P for failing to cooperate in a company investigation, submitting false and/or misleading information, and misusing company resources. The incident leading the termination began when Taylor sought to obtain a copy of HL & P's Personnel Policy and Procedures Manual. Taylor contacted Personnel Services and was advised that she could not be issued a copy without authorization from her supervisor. A request was prepared, but Taylor chose not to submit the request to her supervisor. Instead, Taylor, without authorization, removed her supervisor's manual from his office and asked her clerical support to reproduce the manual. Taylor's supervisor was unaware of these events.

On February 2, 1989, Taylor's supervisor learned of the reproduction, and upon confirming that the reproduced manual was in Taylor's office, confronted Taylor. The supervisor, Dennis Galbraith, claims Taylor twice denied that the manual was in her office. Taylor claims she replied that she was "not sure if I have it here or if I have it all here." However, within fifteen (15) minutes, Taylor placed the reproduced manual on Galbraith's office chair. The following day, after questioning by first and second-line supervisors, Taylor was suspended and told the matter was under investigation. On February 6, 1989, Taylor was terminated.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Plaintiff's Title VII Claims*

A. Sex Discrimination—Discharge

The elements of a Title VII *prima facie* case are outlined in *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) and further elaborated in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255–56, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981). Once a *prima facie* case is established, the burden of proof shifts to the employer to articulate nondiscriminatory reasons for the discharge. If the analysis reaches this "new level of specificity," *Burdine*, 450 U.S. at 255, 101 S.Ct. at 1095, "it is incumbent upon the plaintiff to prove that the explanation proffered by the defendant for its employment action was a pretext or ruse designed to conceal a discriminatory motive." *Bohrer v. Hanes Corp.*, 715 F.2d 213, 218 (5th Cir.1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984). The Plaintiff must satisfy this burden based upon proof, not mere speculation. *McDaniel v. Temple Independent School District*, 770 F.2d 1340, 1348 (5th Cir.1985).

In the present case, HL & P contends Taylor has failed to make a sufficient showing to raise a fact issue on an essential element of her *prima facie* case. Specifically, Taylor has not established any evidence, despite substantial discovery, of sex discrimination or disparate treatment.

Taylor, in her response to HL & P's summary judgment motion, urges that she need not demonstrate a showing of similarly situated males who were not terminated in order to make a *prima facie* case under Title VII. Instead, Taylor insists that she need only demonstrate that HL & P discharged her because she is a woman.

To support this contention, Taylor suggests the fact that since no previous employee of HL & P had been discharged for making or possessing a copy of the personnel manual—while taking into consideration her performance appraisals and achievements—HL & P must have fabricated the "justification" as a pretext to get rid of her because of her gender. However, HL & P's reasons for termination include (1) misuse of company resources for making a copy *after* being told the proper procedure, (2) submitting false or misleading information and (3) failure to cooperate in a company investigation.

This Court agrees with HL & P that Taylor has failed to produce any summary judgment evidence that the above reasons were a pretext for sex discrimination. The mere fact that Taylor believes she was the victim of discrimination is not enough and Taylor's subjective beliefs alone cannot be a basis for judicial relief. *Montgomery v. Trinity Independent School District*, 809 F.2d 1058, 1062 (5th Cir.1987). This Court finds Taylor has failed to make a *prima facie* case of discrimination. Furthermore, even if Taylor had established a *prima facie* case, the granting of HL & P's motion for summary judgment as to this cause would be proper. Once established, the burden shifts to the former employer to articulate nondiscriminatory reasons for the discharge. *Burdine*, 450 U.S. at 255, 101 S.Ct. at 1094. HL & P has satisfied this burden. Taylor has failed to produce material evidence to demonstrate HL & P's reasons were a pretext for concealing a discriminatory motive.

B. Retaliation

In this claim Taylor alleges that she was retaliated against for her promotion requests and alleged complaints of discrimination. To substantiate a retaliation claim under Title VII, Taylor must demonstrate that the retaliation was a "but for" cause of her discharge. *McDaniel*, 770 F.2d at 1346.

The connection required is causation-in-fact or "but for" causation. Whether or not there were other reasons for the employer's action, the employee will prevail only by proving that "but for" the protected activity she would have been subjected to the action of which she claims.

*Jack v. Texaco Research Center*, 743 F.2d 1129, 1131 (5th Cir.1984).

Taylor asserts that since no other employee has ever been terminated for

"making or having a copy" of the manual, the necessary "but for" causation between the retaliation and discharge is presumed. This Court agrees with HL & P that Taylor has failed to present summary judgment evidence of the "but for" causation. Taylor's claim of retaliation requires her to prove that she was discharged because of her promotion requests and alleged complaints of discrimination. This includes showing that she would *not* have been discharged on February 6, 1989 had she not previously complained. *See Jack*, 743 F.2d at 1131. Taylor has failed to establish a *prima facie* case of retaliation.

### C. Failure to Promote

■ Taylor next claims that HL & P failed to promote her based solely upon her gender. To establish a *prima facie* case based on Title VII, Taylor must show that she is a member of a protected class, was qualified to assume another position, was rejected for this position and that it was filled with a non-minority. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). Once a *prima facie* case is established, the burden of producing evidence shifts to the employer to articulate non-discriminatory reasons for the promotion decision. If the analysis reaches this level, it is incumbent upon Taylor to demonstrate the employer's reasons to be a pretext for concealing a discriminatory motive. *Bohrer*, 715 F.2d at 218.

■ HL & P presented evidence that Taylor was denied promotions because of her inability to get along with her subordinates, peers and supervisors. The burden of proof was thus shifted to Taylor who must show that HL & P's reasons were pretextual. This is a heavy burden which has not been met. Although Taylor lists and describes a number of events and circumstances surrounding her tenure with HL & P, she lacks evidence of sex discrimination.

Summary judgment cannot be avoided on the basis of affidavits and/or deposition testimony based on conjecture, *Polucki v. Sears Roebuck Co.*, 879 F.2d 1568, 1572

(7th Cir.1989), and mere conclusory statements cannot be used by a plaintiff who feels he/she has been discriminated against to show pretext. *See Solis v. Vetco Offshore, Inc.* [904 F.2d 704 (Table) ] (5th Cir. 1990). Therefore, Taylor's claim under Title VII fails on the merits because a legitimate, nondiscriminatory reason for the failure to promote has been articulated by HL & P and there is no evidence that this reason was pretextual.

### *Plaintiff's State Law Claims*

#### A. Wrongful Discharge

■ Taylor asserts that her termination constituted a wrongful discharge under Texas law. Texas courts have continuously found "that employment for an indefinite term may be terminated at will and without cause." *Sabine–Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985); *Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir.1989); *see also East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). The Texas Legislature has enacted several exceptions to the employee-at-will doctrine. *Hauck*, 687 S.W.2d at 734. Specifically, one exception addresses discharge based upon discrimination, including sex discrimination. Tex.Rev.Civ. Stat.Ann. art. 5221K §§ 1.02–1.04 (Vernon Supp.1990). Taylor failed to make use of this statutory provision.

HL & P's stated cause for discharging Taylor includes misuse of company resources, submitting false and/or misleading information and failing to cooperate in a company investigation. Taylor's status with HL & P was that of an employee-at-will. Taylor raises no employment contract claim against HL & P. Therefore, under Texas law Taylor cannot maintain a cause of action for wrongful discharge.

#### B. Intentional/Negligent Infliction of Emotional Distress

■ Taylor has failed to state a claim for the intentional or negligent infliction of emotional distress. Termination alone is not enough and the discharge must be accompanied by some extreme or outrageous act. *See Grandchamp v. United Air*

*Lines, Inc.*, 854 F.2d 381 (10th Cir.1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 838 (1989). The Fifth Circuit found "[c]onduct is 'outrageous' if it surpasses 'all possible bounds of decency,' such that it is 'utterly intolerable in a civilized community.'" *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir.1989) (quoting Restatement (Second) Torts Section 46, Comment d).

■ Prior to termination, Taylor was suspended on February 3, 1989 pending investigation. The undisputed facts reveal the suspension occurred after questioning by two supervisors. Upon being informed of the suspension, Taylor voluntarily removed some of her belongings from her office and left. On February 6, 1989 Taylor was informed by telephone of her termination. Taylor has not alleged that any outrageous acts occurred during these events. Furthermore, Taylor's assertion of HL & P's refusal to transfer, refusal to address sources of distress and the placing of a memo in her file fails to satisfy the requisite element of outrageous conduct sufficient to maintain a claim of emotional distress.

### C. Breach of Contract

Taylor concedes and agrees that summary judgment should be granted to HL & P as to her breach of contract claim.

### D. Tortious Interference

■ Taylor claims HL & P and the individual Defendants tortiously interfered with her prospective employment opportunities subsequent to her termination with HL & P. She also claims tortious interference with her employment while at HL & P. Applying Texas law, the Fifth Circuit has identified four elements to a wrongful interference with a prospective contract right claim:

(1) there was a "reasonable probability" that he would have entered into a contractual relationship;

(2) defendant acted maliciously by intentionally preventing the relationship for occurring with the purpose of harming plaintiff;

(3) the defendant was not privileged or justified; and

(4) actual harm or damage occurred as a result.

*Leonard Duckworth, Inc. v. Michael L. Field & Co.*, 516 F.2d 952, 956 (5th Cir. 1975). Taylor has failed to present summary judgment evidence of a "reasonable probability" of a contractual relationship or that HL & P or other Defendants acted maliciously by "intentionally" preventing such relationships. Taylor only broadly asserts that she informed each prospective employer of her termination by HL & P, thus implying that HL & P interfered. Therefore, this portion of Taylor's claim must fail.

■ Taylor also claims that the individual Defendants tortiously interfered with her employment while at HL & P. To do so, Taylor must demonstrate that these individuals acted outside the scope of their authority. *Carlson Mach. Tools, Inc. v. American Tool, Inc.*, 678 F.2d 1253, 1263–64 (5th Cir.1982). Taylor, however, has failed to present evidence that these individuals acted outside the scope of their authority. In fact, Taylor clearly asserts in her deposition that these persons acted as agents in this capacity for HL & P. This claim also is unsupported by evidence and must fail.

### E. Libel and Slander

■ Taylor's last claim is a libel and slander action. Taylor contends HL & P made statements to the Texas Employment Commission ("TEC"), prospective employers and others concerning her tenure at HL & P. This Court has carefully reviewed Taylor's petition, response to motion for summary judgment and deposition concerning this alleged defamation.

HL & P first contends that a substantial number of Taylor's allegations are barred by the statute of limitations. Texas provides a one-year limitation period for actions of libel and slander. Tex.Civ.Proc. & Rem.Code § 16.002 (Vernon 1986). Texas courts have consistently applied the discovery rule upon such actions, thereby ex-

tending the statutory period to when a "person defamed learns of, or should by reasonable diligence have learned of," the existence of the alleged defamation. *Kelly v. Rinkle*, 532 S.W.2d 947, 949 (Tex.1976); *see also Citizen's State Bank of Dickenson v. Sharpiro*, 575 S.W.2d 375, 388 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.). Clearly, many of the statements that form the basis of this claim arose outside the limitation period. Taylor's deposition reveals knowledge of these statements at the time they were made.

Any statement not barred by the statute of limitations must fail under this claim due to Taylor's lack of sufficient summary judgment evidence. HL & P raises the defense of both absolute and qualified privilege against the alleged statements. Taylor concedes the statements made to the TEC are protected by an absolute privilege. To overcome the qualified privilege, Taylor must demonstrate that the statements were made with actual malice. Taylor has failed to present evidence of actual malice on the part of HL & P. Conjecture alone is insufficient; there must be evidence on which a jury could reasonably find for Taylor. *See Slaughter v. Allstate Insurance Co.*, 803 F.2d 857, 860–61 (5th Cir.1986). For reasons set forth above, it is

ORDERED that Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

## FINAL JUDGMENT

This Court having GRANTED Defendants' motion for summary judgment, this action is hereby DISMISSED with prejudice.

This is a FINAL JUDGMENT.