**Nancy ALLISON, Plaintiff,**

v.

**GULF EMPLOYEES CREDIT UNION, Defendant.**

No. 1:92–CV–0469.

United States District Court,
E.D. Texas,
Beaumont Division.

July 29, 1993.

Richard N. Evans, II, Evans & Evans, Beaumont, TX, for plaintiff.

James Alfred Southerland, Vinson & Elkins, Houston, TX, Stuart Brooks Johnston, Jr., Vinson & Elkins, Dallas, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This is an employment discharge case alleging "pretext" and "mixed-motive" racial discrimination under Title VII of the Civil Rights Act of 1991 (the Act), 42 U.S.C. § 2000e *et seq.* In a "pretext" case, the plaintiff is arguing that the employer's articulated reason for discharge is merely a pretext for discrimination; in a "mixed-motive" case, plaintiff is arguing that discrimination was one of several factors motivating the employer. Plaintiff's former employer, Gulf Employees Credit Union (CU), moves for summary judgment.

Plaintiff Nancy Allison was a return check clerk and proof operator at CU, with sole responsibility for the review of returned checks. She is African–American. After an incident of check kiting that resulted in one employee's termination, CU's executive committee placed a memorandum in Allison's file indicating that she should have known of the kiting. On April 21, 1992, the president of CU met with Allison and instructed her to bring suspicious transactions to his attention and not, as was the previous practice, to the attention of the account holder.

On April 27, plaintiff protested before the committee that she was unaware of the kiting and the memo was removed from her file. The next day, plaintiff contacted a CU member about checks returned on his account; and, when approached by a CU teller about the possibility of this member's kiting, told the teller that she had taken care of it and not to mention it to their supervisor. The teller told the supervisor, who in turn notified management; at a board meeting, management decided to terminate plaintiff for failing to report the account as instructed and for her attempt to keep it from her supervisor.

A party is entitled to summary judgment only if it meets "the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Landry*

*v. Air Line Pilots Association International AFL–CIO,* 901 F.2d 404, 424 (5th Cir.1990) (citing *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir. Unit B 1982)). The court must view the evidence and all factual inferences in the light most favorable to the opposing party, resolving all reasonable doubts in its favor. If any factual issues exist, or if reasonable minds might differ on the inferences arising from undisputed facts, the motion for summary judgment must be denied. However, once the movant has made and supported its motion, the adverse party may not rest upon "mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

■ Under the "pretext" theory of racial discrimination, the plaintiff must make a *prima facie* case of discrimination by showing 1) that she is a member of a protected group; 2) that she was qualified for the job she held; 3) that she was discharged; and 4) that after her discharge, her employer filled the position with a person who is not a member of the protected group. *Norris v. Hartmarx Specialty Stores, Inc.,* 913 F.2d 253, 254 (5th Cir.1990) (citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).

■ In this instance, CU hired an African–American woman to replace plaintiff; consequently, plaintiff has failed to make a *prima facie* case as to the fourth element. *See Taylor v. Houston Lighting & Power Co.,* 756 F.Supp. 297, 300 (S.D.Tex.1990) (plaintiff opposing summary judgment must establish essential elements of *prima facie* case of employment discrimination); *Chojar v. Levitt,* 773 F.Supp. 645, 650 (S.D.N.Y. 1991); *compare Al–Hashimi v. Scott,* 756 F.Supp. 1567, 1571–72, 1579 (S.D.Ga.1991) (failure of employer to replace discharged employee does not vitiate employee's *prima facie* case as to fourth element).

■ Under a "mixed-motive" theory of racial discrimination, (recognized by the Supreme Court in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), and codified in the 1991 amendment to the Act, 42 U.S.C. § 2000e–2(m) [1]), the plaintiff must make a *prima facie* case by direct or circumstantial evidence that race played a "motivating" or "substantial" role in the employer's decision to terminate. *Tyler v. Bethlehem Steel Corp.,* 958 F.2d 1176, 1181 (2d Cir.1992) (citing *Price Waterhouse,* 490 U.S. at 258, 261–62, 109 S.Ct. at 1795, 1796–97). If she succeeds, the employer may assert the affirmative defense "that it would have reached the same decision as to [the employee's discharge] even in the absence of the" impermissible factor. *Id.*

■ Plaintiff contends that 1) she understood CU's instruction (to bring suspicious transactions to their attention and not, as was the previous practice, to the attention of the account holder) to apply only to employee, and not member, accounts; 2) two white employees aware of kiting activities followed the normal procedure of notifying account members and not management and were not terminated; 3) CU suspected her for not identifying kiting schemes but not the three white employees who substituted for her immediately prior to April 21 while she was on jury duty and vacation; and 4) she contacted her supervisor, Linda Kiker, concerning the account for which she was fired.

However, CU points out that 1) plaintiff's deposition, that she knew she was to bring *any* suspicious activity to CU's attention, (Deposition 133), contradicts her contrary assertion by affidavit, (*see Albertson v. T.J. Sevenson & Co.,* 749 F.2d 223, 228 (5th Cir. 1984) ("nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony")); 2) of the "two white employees," one reported the kiting to management, (Riling Dep. 38–39) and

1. "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e–2(m).

the other teller was African–American (Dep. 211); 3) plaintiff admitted knowledge of check kiting despite her absence for jury duty and vacation, (Dep. 127–28) and unlike the temporary employees, had primary responsibility for kiting, (Dep. 35, 38); and 4) plaintiff's deposition, which did not list Linda Kiker as her supervisor, (Dep. 42–43), and did not identify her as one of the two employees she spoke to about the account, (Dep. 169), contradicts her contrary assertions by affidavit. *Id.*

Given the above, plaintiff has failed to make a *prima facie* showing under *Price Waterhouse* of direct or circumstantial evidence of any discriminatory motivation as regards CU. *Landry v. Air Line Pilots Association International AFL–CIO*, 901 F.2d at 424 (once the movant has made and supported its motion, the adverse party may not rest upon "mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial").

For the reasons given above, defendant's motion for summary judgment is GRANTED.

### ORDER

CAME ON this day to be heard, Gulf Employees Credit Union's Motion for Summary Judgment, and this Court having heard the same, it is hereby ORDERED that Defendant's Motion is GRANTED.