Melody A. **KUCHLER**

v.

**BECHTEL CORPORATION.**

No. 1:93–CV–285.

United States District Court,
E.D. Texas,
Beaumont Division.

May 9, 1994.

Robert W. Rickard, Swearingen, Clark & Moore, Port Arthur, TX, for plaintiff.

John A. Irvine and Raymond D. Davis, Thelen, Marrin, Johnson & Bridges, Houston, TX, for defendant.

**1.** Bechtel has also filed a Motion to Compel, a Motion to Dismiss under Rule 37 for discovery abuse and a Motion for Mental Examination. The court's ruling on Bechtel's summary judgment motion obviates the need to rule on these motions.

## MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

Pending before the court is a motion for summary judgment filed by the defendant, Bechtel Corporation ("Bechtel").[1] The plaintiff, Melody A. Kuchler ("Kuchler"), filed this employment discrimination suit against Bechtel asserting Title VII and supplemental state law claims. Bechtel denies that it discriminated against Kuchler and argues her claims, if any, fail as a matter of law. The court agrees with the defendant and, based on the reasoning set out below, grants Bechtel's motion for summary judgment.

### FACTS

Kuchler first became associated with Bechtel in 1988, when she was hired as an hourly employee by Becon Construction Company, Inc. ("Becon"). Becon is a wholly owned subsidiary of Bechtel. Kuchler worked off and on for Becon until February 7, 1992, when she was hired to work on Bechtel's Texas Storm Water Segregation Project ("the Project") as a salaried employee.[2]

When she hired on as a salaried employee, Kuchler signed an Agreement and Acknowledgement of Obligation ("the Agreement"), which was essentially a confidentiality agreement. It required Kuchler to avoid disclosing or using

> any information as ... defined, unless such disclosure or use is in the course of [Kuchler's] employment by Becon, has been expressly authorized in writing by Becon or is required by valid legal process of which Becon is notified.

The Agreement defined "information" as "any information, knowledge or data relating to plans, specifications, documents, inventions, methods, processes, products, policies, or operations of Becon or Clients;...." It also prevented Kuchler from removing "any writings containing information from the premises or possession of Becon or its Clients" without prior approval.

**2.** Sometime in December, 1992, Kuchler was transferred from Becon to Bechtel. She continued to work on the Project and perform the same duties as she had for Becon.

On September 4, 1992, Kuchler filed a sexual discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Kuchler complained she had been paid less than similarly situated males in her pay grade. Bechtel offered to settle Kuchler's EEOC complaint by promoting her to a "Grade 23 Senior Buyer" and increasing her salary, but Kuchler refused. Nevertheless, Bechtel unilaterally decided to promote Kuchler to a higher pay grade with a corresponding increase in salary.

On June 1, 1993, Kuchler submitted her resignation to Bechtel which she stated was effective on May 25, 1993. In the letter, Kuchler complained she had been forced to resign by what she termed discriminatory practices and an intolerable working environment. Bechtel offered to hold Kuchler's resignation in abeyance for two weeks and placed on her on temporary leave without pay. At the end of the abeyance, Bechtel offered to reinstate Kuchler in the same position with the same rate of pay. Bechtel also assured Kuchler she could continue with legal proceedings against the company. Again, she refused Bechtel's offer.

Kuchler filed suit against Bechtel in June, 1993. She alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as a supplemental claim of intentional infliction of emotional distress. At her deposition in November, 1993, Kuchler produced several proprietary documents containing Bechtel trade secrets which she had taken during her employment. Those documents included, *inter alia*, procurement registers and a copy of Bechtel's contract for the Project.

Bechtel immediately demanded the return of the documents. Kuchler's attorney sent a letter to Bechtel's attorney on December 15, 1993, which stated, "I realize that your client is taking the position that these documents are proprietary information, [sic] I have reviewed them and, *but with regard to the work schedule and/or work order logs*, I disagree with your client's assertion." (emphasis added). Bechtel then filed a counterclaim against Kuchler for breach of the Agreement and moved for summary judgment asserting, *inter alia*, that Kuchler's Title VII claim is barred by the after-acquired evidence rule.

### SUMMARY JUDGMENT IN THE FEDERAL COURTS

In the federal courts, a party is entitled to summary judgment if it can demonstrate there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The purpose of a summary judgment motion is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 477 U.S. 574 at 587 (1986) (citing Advisory Committee Note to 1963 Amendment of Fed.R.Civ.P. 56(e), 28 U.S.C.App., p. 626). Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1).

The standard for granting a summary judgment motion mirrors the standard for granting a directed verdict under Rule 50(a). *E.g., Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, summary judgment should be granted when the evidence would require a directed verdict for the movant. *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2511. The only difference between the two motions is the procedural stage at which they are made and the evidence on which they are based. *Id.* (quoting *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967 (1944)). "In essence . . . the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2512.

As stated above, the moving party must demonstrate there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

*E.g., Anderson,* 477 U.S. at 247, 106 S.Ct. at 2509. The showing required of the movant depends on whether that party bears the burden of proof on the issue at trial. If the movant bears the burden of proof at trial, it must come forward with evidence which establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). If, on the other hand, the movant does not bear the burden of proof of trial, the moving party may meet its burden by showing the absence of evidence to support the nonmovant's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553; *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.,* 868 F.2d 740, 747 (5th Cir.1989).

Once the moving party has made the requisite showing, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Matter of Gleasman,* 933 F.2d 1277, 1281 (5th Cir.1991). The nonmovant cannot rests on the pleadings alone; it must come forward with supporting affidavits, depositions, interrogatories or admissions. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The nonmovant must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of the nonmovant's case. *Dunn v. State Farm Fire & Cas. Co.,* 927 F.2d 869, 872 (5th Cir.1991). This is necessary because the motion for summary judgment requires the court to go beyond the pleadings and to assess the proof to determine whether a genuine fact issue exist which necessitates a trial on the merits. *Castillo v. Bowles,* 687 F.Supp. 277, 280 (N.D.Tex.1988). In assessing the proof, the court views the evidence in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. at 1355.

## DISCUSSION

Bechtel argues the "after-acquired evidence rule" is a defense to Kuchler's Title VII claim and therefore, her claim is barred as a matter of law. As for Kuchler's state law claim of intentional infliction of emotional distress, Bechtel contends its conduct, even if it amounted to discrimination in violation of federal law, did not rise to the level of "extreme and outrageous conduct." Kuchler responds by arguing the after-acquired evidence rule applies only to wrongful termination cases and is inapplicable in gender discrimination cases like this one. Kuchler also argues Bechtel has failed to meet its summary judgment burden on the emotional distress claim. The court will take each of these arguments up in turn.

### A. Kuchler's Title VII Claim and the After-Acquired Evidence Rule

The after-acquired evidence doctrine is a defense to an employee's Title VII claims. The doctrine,

mandates judgment as a matter of law for an employer charged with discrimination if evidence of the plaintiff employee's misconduct surfaces at some time after the termination of the employee, and the employer can prove it would have fired the employee on the basis of the misconduct if it had known of it.

*McKennon v. Nashville Banner Publishing Co.,* 9 F.3d 539, 541 (6th Cir.1993); *See also Summers v. State Farm Mut. Auto. Ins. Co.,* 864 F.2d 700, 707 (10th Cir.1988); *Bonger v. American Water Works,* 789 F.Supp. 1102 (D.Colo.1992). The rule is premised on causation; the employee could not have been injured by being discharged, even if the discharge was for reasons prohibited under Title VII, because the employee would have been fired for reasons which do not violate the statute. *See Summers v. State Farm Mut. Auto. Ins. Co.,* 864 F.2d at 707; *Redd v. Fisher Controls,* 814 F.Supp. 547 (W.D.Tex. 1992). *See also Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 285–86, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977) (discussing causation in the context of wrongful discharge for protected conduct).

Two recent cases which are factually similar to the case at bar provide a useful illustration. In *O'Day v. McDonnell Douglas Helicopter Co.,* 784 F.Supp. 1466 (D.Ariz. 1992), the plaintiff employee alleged discrimination in violation of the Age Discrimination

in Employment Act ("ADEA"). The summary judgment evidence revealed the employee had secretly removed his personnel file, photocopied it and showed portions of the file to a fellow employee. 784 F.Supp. at 1467. The district court granted summary judgment for the employer based on the after acquired evidence doctrine. Although noting that in some circumstances the question of whether the employee would have been fired raises a fact question, the court determined an employee handbook and the affidavit of a company official proved the employee would have been discharged. *Id.* at 1468–70.

In *Milligan–Jensen v. Michigan Technological Univ.,* 975 F.2d 302 (6th Cir.1992), the plaintiff employee alleged the defendant had discriminated against her on the basis of gender in violation of Title VII. After she was discharged, it was learned she had omitted a criminal conviction from her employment application. The Sixth Circuit affirmed a judgment for the defendant, stating the plaintiff's failure to inform her employer of the conviction "if discovered during her employment, would have resulted in [her] termination," and therefore "it becomes irrelevant whether or not she was discriminated against...." 975 F.2d at 305.

■ Applying these holdings to the facts of this case, it is clear that Bechtel is entitled to summary judgment on Kuchler's Title VII claim. The Agreement Kuchler signed when she became a salaried employee stated in no uncertain terms that proprietary and confidential information could not be removed without prior authorization. It is undisputed that Kuchler removed proprietary information from the Bechtel premises during the time she was employed there. Kuchler has not offered any evidence that she was authorized to remove these files or that she removed them for legitimate reasons. Finally, the Bechtel employee handbook and the affidavit of a Bechtel official demonstrate Kuchler would have been fired if the company had known she removed the documents.

Kuchler argues the after acquired evidence rule only applies in cases of wrongful termination and not in cases of gender discrimination. If Kuchler is arguing that courts have never applied the doctrine in these types of cases, she is wrong. The after acquired evidence doctrine is just as applicable in employment discrimination cases as it is in cases of wrongful termination. *See O'Day,* 784 F.Supp. 1466, *Milligan–Jensen,* 975 F.2d 302.

The main thrust of Kuchler's argument seems to be that the alleged sexual discrimination is an injury separate and apart from her termination, but the facts of this case prove otherwise. There may be cases where a plaintiff employee suffers gender or other discrimination over a period of time and then commits some act which would justify termination. If the court were faced with that type of situation, it would be reluctant to bar Kuchler's Title VII claim completely. However, the evidence clearly establishes that Kuchler removed the documents long before the alleged sexual discrimination began.

Kuchler's EEOC charge alleged gender discrimination beginning in February, 1992. This is the date the plaintiff's injury, if any, began. However, the evidence is uncontroverted that Kuchler began removing confidential documents in April, 1989, almost three years *before* the alleged discrimination began. According to the uncontroverted affidavits of Bechtel officials, Kuchler would have been discharged immediately had they known what she was doing. Under these circumstances, Kuchler has not suffered any injury as a result of gender discrimination, and Bechtel is entitled to summary judgment on her Title VII claim.

*B. Intentional Infliction of Emotional Distress*

■ Under Texas law, a plaintiff must prove four elements in order to recover damages for intentional infliction of emotional distress. The plaintiff must prove (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the conduct caused the emotional distress, and (4) the emotional distress was severe. *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). Bechtel argues that Kuchler has not, and cannot, prove the second element, namely, extreme and outrageous conduct.

The *Twyman* court defined extreme and outrageous conduct as that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 855 S.W.2d at 621. It is of course axiomatic that in the employment context the employee must come forward with evidence demonstrating the employer's conduct was extreme and outrageous.

■ In this case, there is no evidence that Bechtel's conduct, even if illegal, was "extreme and outrageous" and, based on the facts, the court does not see how it could be. Therefore, the plaintiff has failed to prove an essential element of her claim, and summary judgment for the defendant is appropriate. A brief discussion of this tort in the employment context reveals why.

■ To begin with, an employer exercising a legal right to take action against an employee does not intentionally inflict emotional distress even though the employer knows its actions will cause emotional harm. *See Johnson v. Merrell Dow Pharmaceuticals, Inc.*, 965 F.2d 31 (5th Cir.1992). The inverse, however, does not necessarily rise to the level of intentional infliction of emotional distress; proscribed action alone does not constitute extreme and outrageous conduct. There must be some additional act by the employer, and that additional act must be extreme and outrageous.[3] *See Taylor v. Houston Lighting and Power Co.*, 756 F.Supp. 297 (S.D.Tex.1990) (citing *Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381 (10th Cir.1988)).

Even in cases where some overt act is directed at the employee, the conduct is usually insufficient to constitute intentional infliction of emotional distress. The courts are simply unwilling to escalate minor embarrassments and slights to the level of extreme and outrageous conduct. See *Rayburn v. Equitable Life Assurance Soc'y of the U.S.*, 805 F.Supp. 1401 (S.D.Tex.1992) (employee terminated six months before vesting and

one year after her husband died, leaving her without benefits); *Taylor v. Houston Lighting and Power Co.*, 756 F.Supp. 297 (S.D.Tex.1990) (refusal to transfer employee; placing memo in personnel file); *Starrett v. Iberia Airlines of Spain*, 756 F.Supp. 292 (S.D.Tex.1989) (yelling at employee in front of co-workers); *Horton v. Montgomery Ward & Co., Inc.*, 827 S.W.2d 361 (Tex. App.—San Antonio 1992, writ denied) (plaintiff subjected to insults and indignities from co-worker). *Compare Dean v. Ford Motor Credit Co.*, 885 F.2d 300 (5th Cir.1989) (accusing innocent employee of theft rises to level of outrageous conduct).

Kuchler has not alleged anything other than gender discrimination as a basis for her emotional distress. Even if the court were inclined to agree with her that discrimination alone is sufficient, the facts of this case do not support her claim. After she filed her EEOC complaint, Bechtel offered to promote Kuchler and increase her salary. She refused this offer, but Bechtel promoted her anyway. When she resigned, Bechtel held her resignation in abeyance and encouraged her to return. As appears from the evidence, Bechtel made every effort to accommodate the plaintiff. If this is extreme and outrageous conduct as Kuchler contends, it is hard to imagine any employment dispute, or any dispute for that matter, that does not inflict emotional distress. For obvious reasons, the court refuses to countenance such a position, and Bechtel is entitled to summary judgment on her claim.

Kuchler nevertheless contends that summary judgment on her emotional distress claim is inappropriate. She argues that Bechtel is merely stating she will have difficulty proving her claim and this does not suffice to bar her claim on summary judgment grounds. Kuchler concludes by asserting Bechtel has failed to demonstrate there are no fact issues concerning her claim. In the court's opinion, this argument misconstrues the purpose of the summary judgment motion.

---

3. There may be rare cases where a systematic pattern of illegal discrimination alone rises to the level of extreme and outrageous conduct. Such is not the case here, and any attempt to delineate the situations where discrimination alone is extreme and outrageous conduct would raise more questions than it would answer.

As stated above, the purpose of a summary judgment motion is to assess the proof to see whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 477 U.S. 574 at 587 (1986). Because Kuchler bears the burden of proof on the issue of emotional distress, Bechtel can meet its summary judgment burden by pointing out the lack of evidence supporting Kuchler's claim. It clearly did this. The burden then shifted to Kuchler to come forward with evidence showing that summary judgment should not be granted. *See Matter of Gleasman*, 933 F.2d at 1281. *See also Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d at 872 (nonmovant must point out, with factual specificity, *evidence* demonstrating the existence of a genuine issue of material fact on every component of the nonmovant's case) (emphasis added).

Instead of producing evidence demonstrating a factual issue, Kuchler chose to rest on the pleadings, which as the caselaw makes clear, she cannot do. Accordingly, Bechtel's motion should be granted. Summary judgment is not a procedure to be taken lightly. It is a dispositive step in the litigation process, and it requires just as much attention to the evidence and proof as trial on the merits does. This is not a criticism of the parties or their attorneys, in this case or in general. It is merely a statement that must be heeded in the federal courts.

### CONCLUSION

In light of the foregoing analysis, it is clear there are no disputed issues of material fact, and Bechtel is entitled to judgment as a matter of law. Kuchler's Title VII claim is barred by the after-acquired evidence doctrine, and, as a matter of law, Bechtel's conduct did not rise to the level of extreme and outrageous behavior. Under these circumstances, trial on the merits would be useless because it would result in a directed verdict for the defendant. Therefore, it is accordingly

ORDERED that Bechtel's Motion for Summary Judgment is GRANTED, and judgment for the defendant will be entered on the plaintiff's claims.

It is so ORDERED.