# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2013

No. 12-40958
Summary Calendar

Lyle W. Cayce
Clerk

TRACY STEINHAUSER,

Plaintiff–Appellant,

v.

COMCORP OF TYLER, INCORPORATED, formerly known as KETK–L.P.;
COMMUNICATIONS CORPORATION OF AMERICA,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-90

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tracy Steinhauser (Steinhauser) brought a Title VII claim for retaliatory discharge against her previous employer, Comcorp of Tyler, Incorporated (Comcorp). Steinhauser claimed that Comcorp terminated her employment because of her previous discrimination charge and subsequent lawsuit against Comcorp. The district court granted summary judgment in favor of Comcorp.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40958

Steinhauser now appeals, arguing that Comcorp's stated reason for the termination was pretextual. Because none of Steinhauser's points raise genuine issues of material fact, we affirm.

I

Steinhauser worked for Comcorp as an account executive (AE) from approximately 1997 until her employment was terminated in 2010. Prior to her termination, in 2009, Steinhauser had filed suit against Comcorp pursuant to Title VII of the Civil Rights Act of 1964,[1] alleging gender discrimination based on hostile work environment and disparate treatment. Several months after her case was dismissed, she and fellow AE John Hazelwood (Hazelwood) were dismissed. Steinhauser and the two other AEs at the Nacogdoches office had been paid on a commission-only basis. Their supervisor, Chuck Phillips (Phillips), had been paid a base salary plus a commission that was based on the office's overall performance. Phillips's role was to assist the AEs with sales calls, client relations, new business development, selling techniques, and deal negotiations. After Steinhauser and Hazelwood were terminated, Phillips was demoted to AE, thereby eliminating his salary, and he joined ranks with the one remaining AE in Nacogdoches.

At the time of their termination, Steinhauser and Hazelwood were told that the reason for this employment action was to reduce Comcorp's costs but that they both were eligible for rehire. Steinhauser asserts that though she inquired about other opportunities with Comcorp, she was told there were no positions available. Approximately two weeks later, she allegedly saw television advertisements for Comcorp seeking AE applicants. These advertisements did not mention a specific sales office, and Steinhauser did not apply for any advertised position. Roughly nine months later, Comcorp hired one AE for the

---

[1] 42 U.S.C. §§ 2000e-1 to -17.

No. 12-40958

Tyler office and created a new position in the Longview office. Five months after that, two more AEs were hired for the Tyler office. No AE has been hired at the Nacogdoches office since Steinhauser and Hazelwood were terminated.

Steinhauser brought the instant case, alleging retaliation for protected activity under Title VII and asserting that Comcorp terminated her employment for having previously charged the company with gender discrimination. The district court granted Comcorp's motion for summary judgment, and this appeal followed.

## II

"We review the grant of summary judgment *de novo*, applying the same standard as the district court."[2] Summary judgment is appropriate when "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[3] A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

## III

When determining whether summary judgment was the proper means of adjudicating a retaliation claim, we apply the burden-shifting framework of *McDonnell Douglas v. Green*.[5] Under this framework, the plaintiff carries the initial burden of establishing a prima facie retaliation claim.[6] The burden then "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for

---

[2] *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993).

[3] *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 257 (5th Cir. 2009) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 447 (5th Cir. 1996)).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *See Rios v. Rossotti*, 252 F.3d 375, 378, 380 (5th Cir. 2001) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973)).

[6] *Id.* at 380.

the adverse employment action."[7]   The plaintiff must then present evidence establishing a genuine issue of material fact that the reason is pretextual.  To do so, the plaintiff must demonstrate that "the adverse employment action would not have occurred 'but for' the protected activity."[8]  Thus, even if retaliation was a motivating factor, "no liability for unlawful retaliation arises if the employee would have been terminated even in the absence of the protected conduct."[9]

On appeal, Steinhauser does not dispute that Comcorp offered a legitimate, nondiscriminatory reason—cutting costs—for the adverse employment action.  She challenges only the district court's conclusion that she had not raised genuine issues of material fact that Comcorp's cost-cutting explanation was pretextual.

Steinhauser first asserts that Comcorp's stated concern for cutting costs was pretext for retaliation because terminating her saved the company no money.  She alleges that she and Hazelwood were paid strictly on commission, and they cost the company no overhead because they purchased their own insurance, client lunches, and cell phones, and worked largely from home. Comcorp, however, produced uncontroverted evidence that it saved the expense of reimbursing both Steinhauser and Hazelwood $100 a month for gas and $500 per pay period for health insurance.  Accordingly, the commission-based nature of an AE's salary is immaterial to Comcorp's stated concern for cutting costs.

In her second and third points, Steinhauser argues that had Comcorp truly been concerned about cutting costs, she should have been retained over Phillips.

---

[7] *Id.*

[8] *Id.*; *see also Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996) ("We must thus determine whether reasonable and fair-minded persons could conclude from the summary judgment evidence that [the defendant] would not have terminated [the plaintiffs] 'but for' their activities protected by Title VII.").

[9] *Long*, 88 F.3d at 305 n.4 (citing *Jack v. Texaco Research Ctr.*, 743 F.2d 1129, 1131 (5th Cir. 1984)).

Not only did she sell more than he did, but she had more seniority as well. Comcorp, however, showed that there was value in retaining Phillips over Steinhauser because he had many business contacts in the area that were useful in developing and maintaining customer relationships. Not only was he originally hired away from a competitor, Phillips had been serving in a managerial role up to the time of the layoffs. The fact that Steinhauser had been selling more than Phillips and had more seniority in the company does not mean that Steinhauser was more qualified than Phillips, who had industry contacts and managerial experience.[10] Moreover, the elimination of his managerial role permitted Comcorp to avoid paying a salary, which further supports the company's stated purpose of cutting costs.

Steinhauser next asserts that even if Comcorp's move to a smaller office cut its costs, this move did not require any layoffs. AEs, she argues, spent little time in the office since they were expected to be out selling advertising time for the majority of the day. She further contends that AEs could have worked out of cubicles in any case, so the smaller office did not require a reduction in workforce. But Comcorp did not directly tie the layoffs to the move to a smaller office. It instead explained that both decisions were part of a larger plan to restructure the Nacogdoches office in order to cut costs, and the move saved the company $2,000 in rental fees each month.[11] The move to a smaller office is

---

[10] *Cf. Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) (noting that to establish pretext by showing that the plaintiff was clearly better qualified than a competitor selected by the employer, the plaintiff's "qualifications must 'leap from the record and cry out to all who would listen that [s]he was vastly—or even clearly—more qualified for the subject job'" (quoting *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993))).

[11] Though the district court stated that this move saved Comcorp $500 each month, a review of the deposition testimony reveals that the new rent was $500 per month, which represented a savings of approximately $2,000 per month.

evidence that Comcorp was concerned about costs; it was not Comcorp's stated reason for terminating Steinhauser.[12]

Steinhauser's fifth point is that despite Comcorp's stated need for cutbacks, the company continued to advertise for additional sales representatives. She argues this demonstrates pretext because (1) she had allegedly asked about other opportunities with the company when she was dismissed, (2) four additional AEs were subsequently hired, and (3) the company had a practice of moving employees to other locations but did not offer one of the new positions to her. As to Steinhauser's first assertion, none of the four new AEs hired after the layoffs were placed in the Nacogdoches office. Thus, Steinhauser has failed to raise a genuine issue of material fact that Comcorp's restructuring of the Nacogdoches office to cut costs was pretextual.

Furthermore, other than her mere assertion, Steinhauser provides no evidence that Comcorp had a practice of transferring AEs rather than terminating them. Her one example of a production staff employee being moved from Nacogdoches to another office in mid-2009 is unpersuasive. That employee was not an AE, the transfer was not an alternative to termination, and he was transferred for reasons that had nothing to do with the Nacogdoches reorganization in 2011. As the district court correctly noted, Steinhauser did not apply for any open position, and the "[f]ailure to specifically call [] Steinhauser and beg her to apply for one of these positions is not evidence of retaliation."

Steinhauser's sixth and final assertion concerns the timing of Comcorp's decision to lay her off. She cites to this court's decision in *Shackelford v. Deloitte*

---

[12] *See Jackson v. Watkins*, 619 F.3d 463, 468 n.5 (5th Cir. 2010) ("[I]t is not our place to second-guess the business decisions of an employer, so long as those decisions are not the result of discrimination." (citing *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997))).

No. 12-40958

*& Touch, LLP*,[13] which stated that when there is a short time period between an employee's protected activity and an adverse employment action, the employer must offer a "legitimate, nondiscriminatory reason that explains both the adverse action and the timing."[14] Though Steinhauser contends that Comcorp made "no attempt to explain the close timing," the company did in fact provide an explanation in the district court. Analysis of the company's budget first began in October to November of 2009 and was concluded in January 2010. Several months were then spent discussing and compiling the information, after which suggestions concerning the restructuring of the Nacogdoches office were sent out for approval. Steinhauser and Hazelwood were then terminated in April 2010, which was two months after Steinhauser's discrimination suit ended. Given that Comcorp provided a legitimate, nondiscriminatory explanation of the timing,[15] Steinhauser had the burden to "offer some evidence from which the jury [could] infer that retaliation was the real motive."[16] However, she provided the district court with nothing more than temporal proximity and speculation to establish retaliation.[17]

Because none of Steinhauser's six points demonstrate that the adverse employment action would not have occurred but for her engagement in protected activity, she fails to rebut Comcorp's legitimate, nondiscriminatory reason for

---

[13] 190 F.3d 398 (5th Cir. 1999).

[14] *Shackelford*, 190 F.3d at 408 (quoting *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997)) (internal quotation marks omitted).

[15] *See Armstrong v. City of Dallas*, 997 F.2d 62, 65 n.5 (5th Cir. 1993).

[16] *Swanson*, 110 F.3d at 1188.

[17] *See Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.").

No. 12-40958

terminating her employment.  Accordingly, the district court did not err in granting summary judgment.

*     *     *

For the foregoing reasons, the judgment of the district court is AFFIRMED.